Thomson, P. J.
The plaintiff in error was plaintiff, and the defendant in error defendant, below. A demurrer to-the complaint for-want of facts was sustained. The- *432 plaintiff elected to abide by his pleading, and judgment was entered against him.
The complaint alleged that the defendant employed the plaintiff as a stoker in its gas works; that prior to his employment the defendant became involved in trouble with the men then working for it, the result of which was a strike by those men, all of them quitting work; that the strikers were very aggressive and threatened violence to any person or persons taking their positions; that the defendant, when it employed the plaintiff, was acquainted with the offensive attitude of the strikers and knew of their threats, but failed to disclose to the plaintiff the fact of the strike or give him any information concerning the disposition of the strikers or the threats they had made; that the plaintiff had not, at the time of his employment or at any time before he received the injuries complained of, any knowledge of the existence of the strike or of the angry temper of the defendant’s old employees; that he commenced work for the defendant on the 21st day of June, 1899, and that on the 9th day of July following, while he was engaged in his work and unapprehensive of danger some of the strikers fired upon him, two of the shots taking effect, disabling him and causing him severe and painful injury.
The plaintiff, when he contracted to work for the defendant, took upon himself the usual and necessary risks of the employment; but concerning extrinsic or extraordinary dangers of which he had no knowledge he was entitled to information from the defendant before entering the service, if such information was in the defendant’s possession. In Perry v. Marsh, 25 Ala. 659, it is said that if one employs a workman in a service which is apparently safe but which becomes hazardous from causes disconnected with the service which are not discoverable *433 by tbe exercise of ordinary prudence, he is bound by the. strongest principles of morality and good faith to disclose the danger if known to him; and the failure to make such disclosure would be a breach of duty for which the employer would be held responsible if, while engaged in the work, the workman sustained an injury. This rule has been applied to a variety of facts and, so far as our research has extended, it is uniformly held that in inducting an employee into an employment which involves exposure to some invisible danger, no matter what the cause or nature of the peril may be the employer, to escape responsibility, must impart to the employee his own knowledge of the situation. — McGowan v. Mining & Smelting Co., 9 Fed. 861; Smith v. Car Works, 60 Mich. 501; Fox v. White Lead and Color Works, 84 Mich. 676; Strahlendorf v. Rosenthal, 30 Wis. 674; Davies v. England, 10 Jurist (N. S.) 1235; Baxter v. Roberts, 44 Calif. 187, 13 Am. Rep. 160; Wood’s Master and Servant (2 ed.) 729-731; Bailey’s Master’s Liability to Servant, 122 et seq.; Wharton on Negligence, § 209.
In McGowan v. Mining and Smelting Co. it was decided that the master was hable for' injuries to his servant caused by an explosion resulting from the overturning by the servant of a quantity of hot slag into water, even although the accident might have been attributable to the servant’s own want of care, because the master had not advised bim of the danger incident to the contact of the slag with the water. The court held that for a burn caused by the spilling of the slag on himself the servant could not have recovered because it would be assumed that he knew what the effect would be of a contact of. hot slag with his person; but that a violent explosion would occur when the slag met the water he was not presumed to know, and this was a peril against which *434 lie should have been warned. The facts in Smith v. Car Works were similar, and the ruling was the same. In Fox v. White Lead and Color Works, the defendant was engaged in the manufacture of paints, dry colors, Paris green and other poisons. The plaintiff, an employee, who had not been notified and did not know of the danger incident to the absorption into his system of the vapor arising from the boiling vats, suffered injury to his health in consequence of the mineral poison coming into contact with liis skin.' It was held that the defendant owed a duty to him not only to inform him of the effect of such-contact, but to point out to him, if known, the precaution necessary to avoid it. Such also is the doctrine of Davies v. England. The same-principle was applied in Baxter v. Roberts, which, in its principal facts, is almost exactly parallel with the case at bar. There the defendant employed the plaintiff to perform labor as a carpenter on premises claimed by him. In obedience to directions the plaintiff commenced to- tear away some boards from a newly-erected fence, when he was fired upon from a neighboring lot and injured. The fence had been erected by the partiés who did the firing and who claimed to be in its possession. The defendant knew that forcible resistance had been threatened to any interference with the fence, but he did not communicate his information to the plaintiff, and the latter was ignorant that in undertaking to perform the work he was incurring personal danger. The court held the defendant liable, saying:
“The general principle which forbids the employer to expose the employee to unusual risks in the course of his employment and to conceal from him the fact of such danger is not affected by the fact that the danger known to the employer arose from' the tortious or felonious purposes or designs of third- *435 persons acting in hostility to the interests of the employer and through agencies beyond his control. The employee is as clearly entitled to information of such known danger of that character as of any other the existence of which is known to the employér. The employer, if he knew or was informed of a threatened danger of that character, was bound to communicate the information to his employee about to be exposed to it in the course of his employment and in ignorance of its existence. The nature or character of the agency or means through which the danger of injury to the employee is to be apprehended can make no difference in the rule, for the employee is entitled in all cases to such information upon the subject as the employer may possess, and this with a view to enable him to determine for himself if at the proffered compensation he be willing to assume the risk and incur the hazard of the business. ’ ’
A difference is suggested between the latter case and the one before us in that the employer was there invading the premises of another and was therefore a trespasser, and the attack occurred immediately upon the attempted interference with the fence; whereas, here the defendant was conducting its business upon its own premises and there was no assault for eighteen days. We do not conceive this difference to be important. It strikes us that the degree of danger to be apprehended from exasperated men is not safely measurable by the cause of the exasperation. The destructiveness of firearms in the hands of persons determined to use them is the. same, whatever the grievance or fancied grievance may be by which the murderous disposition is excited. The controlling feature of both cases is that the employer knowingly exposed the employee to personal danger, 'and concealed the danger from him. Neither are the *436 cases differentiated by tbe facts that in one the assault came immediately, and in the other was delayed for eighteen days. "We have no right to assume from the fact of the delay that the peril did not exist during the intermediate time. Those committing the assault may have had no previous opportunity to act without danger of detection. That the threats were not meaningless is proved by the deadly onslaught which was made; and the supposition is entirely reasonable that the assailants would not have waited, but would have acted at once if they had thought they could do so with safety to themselves.
It is intimated that during the intervening time the plaintiff ought to have discovered that a strike was in existence, and that the defendant’s old employees were in no tranquil frame of mind. How he might have made the discovery unless he had seen or heard something to suggest inquiry, we are not told. But it is the complaint and not the case which is on trial. It is alleged in that pleading that the plaintiff did not know that there was a strike, or that he was in any danger, until he was attacked. This explicit-statement of fact is not to be met by mere argument. The facts necessary to charge the defendant with liability for the injury, namely, the existence of -reasons to apprehend danger, the defendant’s knowledge and the plaintiff’s want of knowledge of their existence, and the defendant’s failure to communicate to the plaintiff the knowledge in it possession, are all sufficiently averred. It was error to sustain the demurrer, and the judgment will be reversed.

Reversed.

Maxwell, J.., not sitting.