# CHAS. T. DERR CONSTRUCTION CO. *et al.* v. GELRUTH.

## No. 1562.   Opinion Filed October 31, 1911.

1. **MUNICIPAL CORPORATIONS—Sewerage Construction Contracts —Relations of Parties.** The contract provided that the construction of the sewer system should be carried on and prosecuted during weather suitable, as the city's engineer might determine, the same to cease during such intervals as said engineer should deem advisable; that said engineer might, at any time, change form or plans, grade or sections, elevation or location of any parts thereof, and if such changes increased the amount of work, material, or both, same was to be paid for pro rata at the bid price, and if it decreased the cost, deduction to be made in proportion; that all lines, grade stakes, reference points and other location details were to be furnished by the city's engineer, the same to be carefully observed and preserved; that if the mayor and council saw fit they might submit to the contractor orders, directions, and instructions for the carrying out of said contract, which should be by him obeyed; that the mayor and council should have full authority over said work, or they might delegate same to an engineer; that said work should be commenced and carried on from point to point as designated by said engineer, who, in connection with the mayor and council, should have general supervision thereof in person, or by properly appointed inspectors; that if, at any time, any one employed by the contractor appeared to such inspector to neglect or refuse to obey orders, or to be incompetent, unfaithful, disorderly, or failed to show proper interest in his work, the contractor, on request of such inspector, should discharge such party and not re-employ him. **Held,** that the construction company is not an independent contractor.

(a). **MASTER AND SERVANT—Sewerage Construction Contracts— Relation of Employees to City.** The relation of master and servant existed between the employees of said construction company and the city of Shawnee.

2. **NEGLIGENCE—Sewerage Construction Contracts—Assignment— Injuries to Employee—Liability of Assignor.** The city of Shawnee let a contract to C. T. D. for the construction and installing of a sewerage system, without any restrictions against the assignment thereof. C. T. D. assigned the same to a construction company; in the work of the construction of said system an employee of said construction company was injured on account of the negligence of said company in not furnishing him a safe place to work. **Held,** that said contract was assignable, and as to the employees of said company who were injured solely on account of the negligence of the company as to said employee, which negligence did not grow out of the violation of a public duty, that said C. T. D. Co. was not liable therefor.

3. **APPEAL AND ERROR—Continuance—Discretion of Court.** After

the closing of the evidence, plaintiff was permitted to amend his pleadings. The defendants then moved for a continuance on the ground of surprise and the reasonable necessity of the introduction of additional evidence thereon, without specifically setting out the names of the witnesses or the evidence that could probably be produced on another trial, or setting out facts so as to excuse them from specifying the names of the witnesses and the substance of such evidence. **Held,** that the denial of this motion does not appear to be an abuse of discretion.

4. **APPEAL AND ERROR**—Amendment of Pleadings—Discretion. During the trial the plaintiff offered evidence as to the expenses incurred during his illness, growing out of the alleged injury, for medical attention, medicines, etc. The same was objected to on the ground that such issue was not raised by the pleadings. The pleadings were then permitted to be so amended, when the evidence was admitted. **Held,** under the record, not to be an abuse of discretion.

(a). **TRIAL**—Instructions on Damages—Evidence to Justify. The evidence admitted was to the effect that the plaintiff, during his illness occasioned by said injuries, was attended by four physicians, but neither the number of times of such attendance nor the reasonable value thereof was proved. **Held,** error to instruct the jury that, if they found the issues in favor of the plaintiff, in assessing the damages they might take into consideration the expense incurred for medical attention, etc., as a part of the recoverable damages.

5. **PLEADING**—Amendment During Trial. The permitting of the amendment of plaintiff's petition, under the facts in the record, **held** not to be error.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; J. B. A. Robertson, Judge.*

Action by Henry I. Gelruth against the Chas. T. Derr Construction Company and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*J. H. Woods, W. M. Engart,* and *J. H. Miley,* for plaintiffs in error.

*H. H. Smith* and *W. T. Williams,* for defendant in error.

WILLIAMS, J. The defendant in error, Henry I. Gelruth, as plaintiff, sued the plaintiffs in error, the city of Shawnee, the Chas. T. Derr Construction Company, and Chas. T. Derr, as defendants, for damages arising out of an injury alleged to have

been occasioned whilst in their employ by the negligence of said defendants, their agents, and employees, on or about the 28th day of March, A. D. 1908.

The questions on this record essential for determination are as follows:

(1)   Is the construction company an independent contractor?

(2)   Is the said Chas. T. Derr liable for the negligence of the construction company, in that the contract for the construction of the sewerage system was let to him by said municipality, he thereafter, being a stockholder therein, assigning the same to the said construction company?

(3)   Did the court err in overruling defendant's motion for a continuance?

(4)   Was there any error in the admission of evidence as to the costs incurred by the defendant in error for medicine and expenses of treatment by physicians, etc.?

(5)   Was there any prejudicial error committed in permitting the amendments by plaintiff of his petition?

(6)   Should a verdict have been directed in favor of either of defendants?

1.   The contract provided that the contractor should carry on and prosecute said work during suitable weather as the city's engineer should direct, and to cease work when said engineer deemed it advisable; that said engineer might at any time change form or plan, grade or section, elevation or location of any parts or portion of said work as he should find best and proper; that if such changes increased the amount of work, material, or both, it was to be paid for pro rata at the bid price, and if it decreased the cost, the same was to be deducted in proportion. That all lines, grade stakes, reference points, and other location details were to be furnished by the engineer, the contractor to observe and preserve the same carefully, etc. That if the mayor and council saw fit, they might submit to the contractor such orders, directions, and instructions as they wished for the proper carrying out of said contract, and that said contractor should obey

the same. That the mayor and council should have full authority over the work, or they might delegate such authority to an engineer; such to be done by resolution of the council. That the work should be commenced and carried on from point to point as designated by the engineer, who, in connection with the mayor and council, should have general supervision thereof, either in person or by properly appointed inspectors. That if at any time any one employed by the contractor appeared to the city's inspector to neglect or refuse to obey orders, or to be incompetent, unfaithful, disorderly, or fail to show proper interest in his work, the contractor, when requested by said inspector, should discharge such party and not re-employ him.

Under such state of facts the construction company is not an independent contractor, but the agent of the municipality, the principal, who is liable for the acts of the agent within the scope of his authority. *Missouri, Kansas & O. Ry. Co. v. Ferguson,* 21 Okla. 266, 96 Pac. 755; *New Orleans, M. & C. R. R. Co. v. Hanning,* 15 Wall. 649, 21 L. Ed. 220; *Singer Mfg. Co. v. Rahn,* 132 U. S. 518, 33 L. Ed. 440, 10 Sup. Ct. 175; *Bibbs, Admr., v. N. & W. R. R. Co.,* 87 Va. 711; *De Palma et al. v. Weinman et al.* (N. M.) 103 Pac. 782; *Conners v. Hennessey,* 112 Mass. 96; *Forsyth v. Hooper et al.,* 11 Allen (Mass.) 419.

2. The contract between the city and Chas. T. Derr was assignable. *Minnetonka Oil Co. v. Cleveland Vitrified Brick Co.,* 27 Okla. 180, 111 Pac. 326. It is insisted, however, that he was not, by such assignment, relieved from liability on account of the negligence of the assignee as to an employee in carrying out said contract. That it was contemplated that he, as contractee, in the construction and installing of the sewer system, would have to make excavations in the streets, and in so doing he must permit the streets to remain in a reasonably safe condition for public travel, seems to be true. That the city owed this duty to the public and could not relieve itself therefrom by placing an independent contractor in charge, nor could such contractor evade the like duty by an assignment of his contract to another, seems also to be true. *North Chicago*

542      SUPREME COURT OF OKLAHOMA.

Chas. T. Derr Construction Co. et al. v. Gelruth.

*St. Ry. Co. v. Dudgeon,* 184 Ill. 377, 56 N. E. 796. The defendant in error, seeking damages for the alleged injury to himself, was neither a traveler nor occupying the same as a public street. The injuries did not grow out of the public use for the street, but out of a breach of duty of the master to the servant in not affording a safe place in which to work. The case of *Water Company v. Ware,* 16 Wall. 566, 21 L. Ed. 485, is not in point. There a traveler upon a public street was injured because of a dangerous agency maintained in the street. The same distinction is also recognized in *Seattle Lighting Company v. Hawley,* 54 Wash. 137, 103 Pac. 6.

The contract being assignable, the construction company became the owner thereof. The fact that the original contractors may have remained liable to the city for any breach of said contract by the assignee is not material here. *Water Co. v. Ware, supra; Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., supra.*

3. As to the action of the court in overruling the motion of defendants for a continuance on the ground of surprise after the allowance of an amendment to plaintiff's pleadings, the same will not be disturbed here on review unless it appears that the lower court abused its discretion. The record fails to show any reversible error on account of the court's action in this matter. *Missouri, Kansas & Texas Ry. Co. v. Horton,* 28 Okla. 815.

4. As to the admission of evidence to prove the expense incurred for medical attention, medicine, etc., the record is as follows:

"Q. I will ask you to state whether or not you have been to any expense, and if so, how much, for doctor's services since you have been hurt? A. Yes, sir; I have. Mr. Miley: We object, your honor. I don't think that is one of the allegations in the petition. The Court: It will be permitted as a circumstance showing general damages, not for any specific damages. Overruled on that account. Mr. Miley: Exception. We except. The Court: Read the question. (Question read.) A. Yes, sir; I have. The Court: Wait a minute. I will sustain that objection. Mr. Williams: It should be in here. We will ask to amend.

The Court: Very well.  Mr. Woods:  We object to any amendment at this time.  Mr. Williams:  We will prepare the allegation and attach it later.  The Court:  Permission will be granted, with the understanding that it will be submitted in writing.  Mr. Williams:  Read the question.  (Question read.)  Q. Read the question to him.  Mr. Miley: We object to the· question as incompetent, irrelevant, and immaterial, for the reason that it is not supported by any sufficient allegation in the petition to entitle him to recover for medical expenses and doctors' bills.  The Court: Overruled, for the reason stated.  Mr. Miley: Exception. Mr. Williams:  I will put my application in the record.  Now at this time comes the plaintiff and asks to amend his petition so as to allege the expense of medical attendance and the amount. The Court: Permission will be granted.  Q. Answer the question, Mr. Gelruth.  Read the question to him again.  (Question read.)  A. Yes, sir; I have been to some expense.  Q. You may state to the jury to what extent, if you know.  A. I don't know just how much.  Q. I will ask you to state to the jury what doctors have been attending you.  A. From the first one?  Q. Yes, sir. All of them.  Name all of them.  A. Well, Dr. Evans was the first.  Q. Who was the other?  A. Dr. Adams.  Q. The other?  A. Dr. Keene.  Q. Any others?  A. Dr. Rice."

The permitting of the amendment was within the sound discretion of the trial court.  With a proper allegation, evidence as to such expenditure was admissible.    But was it improper on this evidence to permit the jury to take into consideration the expense for medical attention, etc., without any proof as to its value or the amount expended, as a part of the recoverable damages in the event the jury should find in favor  of  the  plaintiff? Neither the amount of the expense nor the reasonable value for such medical  services in question appears to have been proved to any reasonable certainty.  Under the instruction of the court, if any sum for medical services, attention, etc., was included in the general verdict, it was assessed by the jury without proof. This would clearly be erroneous, and this instruction, under the present status of the record, was prejudicial error against the rights of the plaintiff in error.  *Little Rock & M. R. Co. v. Barry*, 58 Ark. 198, 23 S. W. 1097; *American Car & Foundry Co. v. Clark*, 32 Ind. App. 644, 70 N. E. 831 *Chicago, St. L. & P. Ry.*

*Co. v. Butler,* 10 Ind App. 244, 38 N. E. 1; *Smith v. Chicago & A. R. Co.,* 108 Mo. 243, 18 S. W. 973; *Golder v. Lund,* 50 Neb. 867, 70 N. W. 379; *H. & T. C. Ry Co. v. Rowell,* 92 Tex. 147, 46 S. W. 630; *Northern Tex. Traction Co. v. Jamison,* 38 Tex. Civ. App. 55, 85, S. W. 302; *Hobbs v. City of Marion,* 123 Iowa, 726, 99 N. W. 577; *I. & G. N. Ry. Co. v. Cook* (Tex. Civ. App.) 33 S. W. 888.

The reasonable probability is that the jury considered this item of damage in rendering their verdict. *Hewitt v. Eisenhart,* 36 Neb. 794, 55 N. W. 253; *Scott v. Banks,* 60 N. Y. Supp. 397.

Said amendment is as follows:

"Amend said amended petition in line two, and after the word, 'anguish,' on page seven, by leave of court. 'And has incurred one hundred dollars for medical expenses and nurse hire, and will be caused to expend in the future large sums for the same.' "

The court in its instructions nowhere confines the jury to the sum of one hundred dollars in assessing damages for medical expenses and nurse hire. The court charges the jury as follows:

"The reasonable value, if paid now, of his diminished earning power from such injuries in the future, if any, or if you find that his injuries are such as to permanently disable him from manual labor, then the reasonable value of his lost time from the time of his injuries to such a time as you find he could reasonably be expected to perform manual labor, considering his health and physical condition at the time of said injuries, if paid now, and such medical expenditures as he incurred, if any; but in all not exceeding fifteen thousand dollars."

Under all the authorities, it is error for the court to submit to the jury for their determination the amount of medical expenditures incurred when there is no proof made as to such amount, or the reasonable value thereof. This appears to be conceded by counsel for the defendant in error; but they insist that the case should be reversed and remanded with instructions to determine the amount allowed by the jury for medical expenses incurred, the same to be then remitted and the judgment otherwise to stand affirmed. If it were reasonably possible to determine the amount allowed by the jury for medical ex-

penses incurred, we would follow that course. When a party is mulcted in damages in a court, it must not be upon conjecture or a judicial guess, but upon evidence that is reasonably certain, by a verdict of a jury, under a correct exposition of the rules of law pertaining to the issues.

Beginning with Magna Charta, the rule has obtained that no person shall be deprived of life, liberty, or property without due process of law. (Section 7, article 2, Constitution.) This provision, transplanted to this country, appears not only in the federal Constitution, but also in every state Constitution. Likewise, beginning with the same great charter, the rule that courts shall be open to every person and speedy and certain remedy afforded for every wrong, etc. (section 18, article 2, Constitution), and the right of trial by jury (section 19, article 2, Constitution) have been transmitted to us. A remedy is certain when it is exercised under law that is certain, applied with equal certainty not only in favor of the plaintiff, but also the defendant. Juries, under these constitutional provisions, unless such right is waived, determine all controverted questions of fact, and when findings are made under issues without evidence, such is erroneous. When several issues are submitted, upon some of which there is evidence upon which valid findings may be based, and others upon which there is no evidence upon which valid findings may be made, and a general verdict is returned, such constitutes error; and, unless we can look at the record and reasonably determine the amount of the item found by the jury without any evidence, so that it can be reasonably segregated from the general verdict, no appellate court in this state has a right to require any certain *remittitur*. For to do so would be to invade the province of the jury, the court substituting its findings for that to be made by the jury on legal evidence under a correct exposition of the law by the trial court. This court has just as much right to set aside a finding of a jury upon which there is a conflict of evidence, and to substitute its own finding, as it has to invade the province of a jury and say what it ought to have found when there is no way to reasonably find out what it did find.

This error could have easily been obviated, either by making the proof as to value, or by withdrawing the issue, or calling to the attention of the trial court when he instructed the jury the lack of evidence upon which to predicate this instruction. Such was not done, and under the plain mandates of the Constitution, as well as the laws of this state, this case must be reversed.

5. After all the evidence was in and the witnesses had been excused, the plaintiff was permitted to amend his petition by inserting the following:

"And that the condition of said embankment at the time of said injuries at said point and the accumulated dirt and other substance thrown thereon, was predisposed to slide or cave, and the failure of the defendants to remove and clear away the same so as to prevent its falling into the ditch, and injuring its employees, concurred with the careless and negligent acts hereinbefore and hereinafter alleged to bring about the result in the injuries to the plaintiff as hereinbefore and hereinafter alleged."

In paragraph 6 it was originally alleged that the plaintiff was "working and digging in said ditch, and engaged in dressing the bottom of said sewer ditch * * *. which ditch was about twenty (20) inches wide and fifteen (15) feet deep, and said ditch and banks or side walls were composed of loam of sand and dirt which was soft and of such a character as made it predisposed to cave in and slide, when without restraint, and that the defendants, * * * had carelessly and negligently failed to shore up the walls of said ditch to prevent it from caving, and that this plaintiff was inexperienced in such work, and ignorant of the intrinsically dangerous and hazardous character of such employment, and of the subject-matter of ditching and sewer construction, and ignorant of the inexperience and incompetency of Charles T. Derr and of the Charles T. Derr Construction Company, and their employees, and while engaged in said employment relied on the exercise of due care and caution on the part of the defendants herein, and at the time of the injuries complained of he was pursuing his employment in the usual way, when without fault on his part the banks of said ditch caved in on him * * *."

This amendment was permissible. *Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co.,* 26 Okla. 13, 108 Pac. 386; *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012.

6. The motion to direct a verdict in favor of the defendant Charles T. Derr should have been sustained.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial.

All the Justices concur.