GELRUTH v. CHARLES T. DERR CONST. CO. *et al.*

No. 4432.   Opinion Filed July 6, 1915.

On Rehearing, September 14, 1915.

(151 Pac. 875.)

1.    **MASTER AND SERVANT—Injury to Servant—Assumption of Risk—Instructions.**   A master, who has exercised ordinary care to furnish and maintain for his servant a reasonably safe place in which, and reasonably safe tools and appliances with which,

to work, and reasonably competent fellow servants, in cases in which the common law as to this subject is not abrogated, owes such servant no further duty, and therefore cannot be held liable to him in damages for any injury due to the ordinary risks or hazards of his service under such conditions, and as a mere corollary, or as the converse statement of this rule, it may be said as matter of law that the servant assumes all such risks or hazards; but this species of assumption of risk, which, when affirmed, merely negatives the existence of primary or actionable negligence on the part of the master, should not be confused with that other species, which, under section 6, art. 23 (Williams', sec. 355) of the Constitution, is a distinct defense as against and notwithstanding such negligence, and which shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury.

(a) It is error to instruct a jury, without qualification or explanation, that a plaintiff assumes as a matter of law all risks which are ordinarily and naturally incident to the particular service in which he engages, as such instruction is not clearly limited to that species of assumption of risk which, when affirmed, merely negatives primary actionable negligence on the part of the defendant, and, as an instruction in part upon that other species which is a distinct defense against and notwithstanding such negligence, such instruction is obnoxious to said provision of the Constitution.

2. **SAME—Instructions—Question for Jury.** Under section 6, art. 23 (Williams', sec. 355) of the Constitution, and apart from the same, it is error to unqualifiedly instruct a jury that a servant cannot recover in an action against his master for personal injuries, if his injuries were caused by a specified act of his own, which, if a cause of such injuries, was not necessarily the sole, nor an independent, intervening, cause of the same, and, so far as the court could say as matter of law, may have been either such sole or such independent cause, or a mere contributing cause, or neither of these causes.

(Syllabus by Thacker, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by Henry I. Gelruth against the Charles T. Derr Construction Company, Charles T. Derr, and the City of Shawnee. Judgment for defendants, and plaintiff brings error. Reversed and remanded, and rehearing denied.

*H. H. Smith* and *W. T. Williams,* for plaintiff in error.

*J. H. Woods* and *W. M. Engart,* for defendants in error.

Opinion by THACKER, C. Plaintiff in error, as plaintiff in the trial court, sued defendants in error for damages for personal injuries alleged to have been suffered as a result of the negligence of the defendants in respect to clods of dirt and rock falling upon his head and back while he was bent forward at his work in the bottom of a sewer main trench, some 10 or 12 feet deep and about 20 inches wide, in the defendant city; and he appeals from a verdict and judgment against him.

This case was before this court in *Chas. T. Derr Construction Co. et al. v. Gelruth,* 29 Okla. 538, 120 Pac. 253, in which a judgment for the plaintiff was reversed on account of error in the omission of the trial court to limit the plaintiff's recovery for medical expenses and nurse hire to the amount claimed in his petition; and the case, having been remanded for another trial, in which the plaintiff lost, is now before us on a second appeal.

The court instructed the jury as follows:

"XI. You are instructed as matter of law that a servant, when he enters the service of an employer, impliedly assumes all risks which are ordinarily and naturally incident to the particular service in which he engages; and if you believe from the evidence that the injuries were only the result of one of the risks ordinarily incident to the work in which plaintiff was engaged, then he cannot recover in this case, and your verdict must be for the defendant." (It will be noted that this concrete instruction imposes upon the plaintiff the assumption of all the risks which are ordinarily and naturally incident to the services and work of plaintiff in this particular case, not merely such as are ordinarily and naturally incident to this particular kind or class of services and work; and it does not require the

master to perform his duty in respect to a safe place in which and safe tools and appliances with which to work, and reasonably competent fellow servants, as a condition precedent to such assumption of risk by the plaintiff.)

"XIV. If from the evidence you should believe that the plaintiff's injuries, if any he sustained, were caused by a clod of dirt or other substance, which he was undertaking to throw out of the trench, falling back and striking him, you will return a verdict for the defendants.

"XV. If from the evidence you believe that plaintiff was injured by a clod of dirt or other substance rolling off the bank and striking him, and the danger of such clod of dirt or other substance rolling into the trench was one of the ordinary hazards or risks incident to the employment in which the plaintiff engaged, you will return a verdict for the defendants.

"XVI. If, from the evidence, you believe that the plaintiff's injuries, if any he sustained, were caused by a clod of dirt or lump of sand rock, which the employees on the scaffold were throwing out of the trench, falling on plaintiff's head, you will return a verdict for the defendants."

These instructions, especially XIV, are not only erroneous as relating to the question of whether the defendants were guilty of primary or actionable negligence, but they are erroneous as trenching upon those defenses of contributory negligence and assumption of risk which, under section 6 art. 23 (Williams', sec. 355) of the Constitution, shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury. In this connection it should be stated that the instructions given the jury nowhere informed it that these defenses of contributory negligence and assumption of risk are questions of fact which must be left to it.

Antedating or apart from law, one might, in fact, neg-ligently contribute to his own injury, and by express or implied agreement assume the risk of the dangers of his employment of which he has knowledge, and our Constitution recognizes and continues in force the defenses of contributory negligence and assumption of risk which the law from a very early time has allowed in deference to these facts; but these defenses are stripped of those legal rules or presumptions by which the judges were formerly wont to determine whether there was evidence thereof, and, if so, whether it would justify them in taking the entire question, or any part thereof, from the jury, and determining both the existence and the effect of such defenses, or of any phase thereof, as a matter of law. *Chicago, R. I. & P. Ry. Co. v. Hill,* 36 Okla. 540, 129 Pac. 13, 43 L. R. A. (N. S.) 622; *St. Louis & S. F. R. Co. v. Long,* 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915C, 432; *Osage Coal & Mining Co. v. Sperra,* 42 Okla. 726, 142 Pac. 1040; *Barnsdall Oil Co. v. Ohler,* 48 Okla. 651, 150 Pac. 98.

A master, who has exercised ordinary care to furnish and maintain for his servant a reasonably safe place in which, and reasonably safe tools and appliances with which, to work, and reasonably competent fellow servants, in cases in which the common law as to this subject is not abrogated, under section 36, art. 9 (Williams', sec. 254) of the Constitution, owes such servant no further duty, and therefore cannot be held liable to him in damages for any injury due to the ordinary risks or hazards of his service under such conditions, and as a mere corollary, or as the converse statement of this rule, it may be said as matter of law that the servant assumes all such risks or hazards; but this species of assumption of risk, when affirmed, merely negatives the existence of primary or actionable negligence on the part

of the master, and should not be, as it often is, confused with that other species which, under section 6, art. 23 (Williams', sec. 355) of the Constitution, is a distinct defense as against and notwithstanding such negligence.

In leaving this defense to the jury, it may be doubted if the court should do more or less than define it and advise the jury of its effect (see the *St. L. & S. F. Ry. Co. Case, supra,* and the *Osage Coal & Mining Co. Case, supra*) ; and it would not be necessary, if advisable, to instruct the jury as to the first-mentioned species of assumption of risk, if the jury were properly informed that there can be no recovery against the defendants, because there can be no breach of duty nor actionable negligence arising thereon, in respect to the ordinary risks or hazards of the service, if the master has exercised ordinary care to furnish and maintain for his servant a reasonably safe place in which, and reasonably safe tools and appliances with which, to work, and reasonably competent fellow servants.  The subject of inquiry is the conduct of the master, his duties and liabilities, in determining whether there is primary or actionable negligence in the case; and it is easy enough to instruct as to that, without reference to the risks assumed as matter of law by the servant—that is, by instructing upon them as risks not assumed by the master, or, in other words, as risks for which the master is not liable.  If the trial courts would confine their instructions for the guidance of juries in determining the question of primary or actionable negligence of the master to the duties and liabilities of the master, without affirming anything of the servant in that connection, and then define contributory negligence and assumption of risk, and advise the jury of its effect, and that it is a question of fact for them, we believe much danger of confusion and risk of error would be avoided.

If the plaintiff was injured by a clod or other substance which he threw out, and which fell back into the trench on him, it does not necessarily follow that his act was the sole proximate cause, nor an independent intervening cause, of his injury; nor could the court say, as matter of law, that it was a negligent and contributing cause. The defendants' negligence might, nevertheless, have caused the clod or other substance to fall back, or have caused plaintiff to be in a position to be struck and injured by it, as it seems to have been their duty to exercise ordinary care to keep the dirt, etc., that had been thrown out of the trench far enough back from its edge to leave a surface which would be reasonably suited to retain it. The mere fact that plaintiff may have thrown the clod or other substance out of the trench does not negative the possibility of primary or actionable negligence on the part of the defendants as a proximate cause of its falling back or of its striking plaintiff; and it certainly cannot be said, as matter of law, to have been contributory negligence or any negligence at all.

We have seriously considered whether the errors pointed out are not harmless, for want of any evidence reasonably tending to prove any negligence on the part of the defendants which was a proximate cause of plaintiff's injury; but, as this court sent the case back for another trial when it was here before, and we are not ourselves quite convinced that the evidence is not sufficient to take the case to the jury, we will assume, without deciding, that it is sufficient for that purpose.

For the reasons stated, the judgment of the trial court should be reversed, and the case remanded for another trial.

ON PETITION FOR REHEARING.

THACKER, C. The points urged on rehearing were fully considered prior to and in the preparation of the original opinion herein, and all the propositions now urged by defendants are therein, either expressly or by necessary implication, overruled; but, in deference to the petition for rehearing, we will discuss briefly the principal questions therein urged.

The trial court, in effect, instructed the jury that there was no evidence of negligence, nor recovery allowable, on account of absence of proper shoring up of the wall of the trench, nor evidence that the clod, rock, or other substance that struck plaintiff came from a wall of the trench (which is the only specifically alleged causal negligence in plaintiff's petition), and submitted the case to the jury upon the question of negligence, barely suggested in the petition, in respect to a slide or roll of the substance or substances that struck him from the embankment of loose dirt, etc., on the surface of the ground, of which there is only the most meager and unsatisfactory circumstantial evidence which could possibly be allowed to be sufficient to take the case to the jury. In this respect the petition alleges:

"That the condition of said embankment [although there is no prior reference therein to any embankment], at the time of said injuries, at said point, and the accumulated dirt and other substance thrown thereon, were predisposed to slide or cave, and the failure of the defendants to remove or clear away the same, so as to prevent its falling into the ditch and injuring its employees, concurred with the carelessness and negligent acts hereinbefore or hereinafter alleged [although no related negligence is either before or after alleged] to bring about the result in

the injuries to the plaintiff as hereinbefore and hereinafter alleged."

As imperfect as this allegation of negligence is, the trial court evidently construed it as sufficient to justify the instructions given, and submitted to the jury the question of defendants' negligence in failing to keep the embankment of loose dirt, etc., back from the edge of the trench, so as to retain the substances thrown out of the trench, and to prevent a slide or roll of the same therefrom, as a proximate cause of the plaintiff's injuries; and, in deference to the evidence, as unsatisfactory as it is, and to the action of the trial court in submitting this question to the jury, as well as in view of defendants' omission to raise the question by proper objections in the trial court, we do not think we should here say that there is no issue in this case involving a question of defendants' negligence in respect to such embankment. There was no motion to make the petition more definite and certain, nor other attack upon the same in this respect; and, in keeping with the spirit of the liberal rule under which pleadings have often been treated as amended to conform to the evidence, we have construed the pleadings as the trial court did, or at least assumed that the issue submitted to the jury is involved in this case.

In respect to the question as to whether the construction company was an independent contractor, the case of *Chas. T. Derr Construction Co. et al. v. Gelruth*, 29 Okla. 538, 120 Pac. 523, upon a former appeal of the instant case, must be regarded as the law of this case; but we also direct attention to the case of *Muskogee Electric Traction Co. v. Hairel*, 46 Okla. 409, 148 Pac. 1005. Counsel for defendants predicate their request for a reconsideration of the decision on this point in the appeal of Chas. T. Derr Construction Co., *supra*, upon what we think is an erroneous assumption

that in that appeal this court predicated its statement that the contract provided that "the mayor and council should have full authority over said work, or they might delegate same to an engineer," alone upon the provision in the contract that "the mayor and council shall have full authority over *amount* of work that shall be under construction at any one time or place," etc., thus overlooking the qualifying effect of the word "amount" in the contract. But we assume that this court made said statement advisedly and upon a consideration of all the terms of the contract; and, upon the whole, it appears that the quoted statement of the court in this case on the former appeal is warranted by the terms of the same. In any event, the contention of defendants does not show that the contract, considered and construed as a whole, does not warrant said statement.

Among the terms of the contract tending to support the construction given, we find immediately preceding the above-quoted term of the contract, and as a part of the same sentence, the following language used:

"If mayor and council see fit at any time, they may submit to the contractor or [all] such orders, directions, and instructions as they may wish for the proper carrying out of his contract and contractor shall proceed to obey them," etc.

If, upon said former appeal, this court had erred in overlooking the word "amount," and its qualifying effect upon the clause first above quoted from the contract, such error should have been pointed out in petition for rehearing. In any aspect of the question, we think the points decided upon that appeal must be regarded as the law of this case. We find no reason for changing the conclusion reached in the original opinion.

For the reasons stated, the petition for rehearing should be denied.

By the Court: It is so ordered.