## EARL W. BAKER & CO v. CITY OF HOLLIS.

No. 22614.   Oct. 16, 1934.

G. A. Paul and Armstrong & Murphy, for plaintiff in error.

R. D. Miller, T. M. Robinson, and Ross Cox, for defendant in error.

PER CURIAM. The parties will be herein designated as they appeared in the lower court.

This action was brought by Earl W. Baker & Company, as plaintiff, against the city of Hollis, a municipal corporation, as defendant, to recover an amount alleged to be due for extra labor and materials furnished in addition to the price fixed under two certain contracts for the construction of certain extensions to the waterworks and sewage system of that municipality. The defendant city denies the claim of the plaintiff and alleges overpayment under the terms of the contracts, and, in addition, seeks to recover for certain items paid by it which were not furnished, certain other items of material appropriated by the plaintiff, and damages for failure to construct in accordance with the contract.

The cause was tried to a jury, resulting in a verdict in favor of the defendant and against the plaintiff upon the answer of the defendant seeking affirmative relief for the sum of $7,500. Judgment being entered on the verdict and a motion for new trial being overruled, the cause is in this court on appeal.

Briefly stated, the facts, as shown by the record, are as follows:

On May 16, 1928, the plaintiff and defendant entered into two written contracts, one for the construction of certain sewer extensions and the other for the construction of certain waterworks extensions, both according to plans and specifications furnished by the defendant city. Both contracts were on the cost-plus plan, but with a provision that the defendant might, at any time it elected, require the plaintiff contractor to complete the entire jobs according to plans and specifications for specified lump sums. The work was performed and the materials furnished in pursuance of the contracts, the city electing to exercise its option to pay for the same in lump sums under the provisions of the contracts. The entire contract price was paid on each of the two contracts, and, in addition thereto, the plaintiff presented its bill for extra labor and material furnished in the amount of $3,233.40, a portion of which was paid by the defendant April 6, 1929, but the remaining portion was unpaid, the reason assigned being that the fund was exhausted and no levy had been made to provide for the remainder.

The defendant contends by its answer and in the trial that no funds had been appropriated for the fiscal year 1929 with which to pay for the materials, and labor, and, for the purpose of securing affirmative relief, alleges that the final payment of the contract price was made under the representation that all materials and work had been furnished and completed in accordance with the contracts; that such representations were made by the plaintiff and by the engineer employed by the defendants; that payment of the amounts fixed by the contracts was made, relying upon the statements of the plaintiff and of the defendant's engineer; that such representations were false; that there were various omissions in the construction and alleged faulty construction, as well as certain materials appropriated by the plaintiff, and the defendant seeks to recover damages therefor on the theory that the al-

leged acceptance of the work by the defendant was secured through fraud and misrepresentation.

Plaintiff contends that the testimony is insufficient to sustain the verdict for damages on the grounds of fraud. The defendant earnestly contends that the familiar rule should apply to the effect that, if there be any testimony whatsoever to sustain the verdict of the jury, it should not be disturbed. In view of our opinion with reference to the instructions given by the trial court as hereinafter set forth, it is unnecessary to pass upon this phase of the case.

The plaintiff complains because the following instruction was given:

"Should you find from a fair preponderance of the testimony that the plaintiff did not construct the Imhoff disposal tank materially as called for in the plans and specifications as adopted therefor in the original contract, or if you find that changes in the plans had been agreed on, then substantially according to such altered or changed plans as agreed upon, then your verdict upon the issues raised in defendant's cross-petition, in substance, that the said disposal tank has not been constructed according to contract, should be in favor of defendant in such sum as you find to be the difference in the fair and reasonable cash value of the tank as actually constructed and such value if the same had been constructed according to contract."

There is testimony in the record tending to prove that the disposal tank had not been constructed in accordance with the plans and specifications, but there is no testimony as to its value as actually constructed, or as to its value if it had been constructed according to the specifications.

The plaintiff further complains because the following instruction was given:

"You are instructed that should you find by a fair preponderance of the testimony that plaintiff had agreed to construct for defendant 127 manholes, or any other number of manholes, in the sewer system of defendants at $60 per manhole, and that plaintiff constructed a lesser number of manholes, than agreed upon, then it will be your duty to find for the defendant, the excess payment, that is, for the sum paid out to plaintiff for manholes not constructed, not to exceed the amount claimed, to wit, $3,540, unless you find by a fair preponderance of the testimony that the reduction of said manholes was agreed to by the defendants or its engineer and that the defendant city accepted other work in lieu of the manholes not constructed, in which case your finding upon the issues submitted in this paragraph should be in favor of plaintiff."

Here it may be said that there is no com-petent testimony in the record even tending to prove that the plaintiff agreed to construct manholes "at $60 per manhole."

Again the plaintiff complains because the following instruction was given:

"Should you find by a fair preponderance of the testimony that the plaintiff used and laid less pipe in the construction of the sewer than that called for in the contract and plans and specifications or changes and alterations as agreed to, then you should return a verdict in favor of the defendant for the contract price for such unlaid pipe, to wit: 65 cents per foot, and not to exceed the amount asked in said petition, to wit, $2,044.15.

"But, should you find that the defendant, acting through its council and engineer, agreed to said change and in the use of less pipe and accepted other material or work in lieu therefor, then your verdict should be in favor of the plaintiff upon the issues raised in this paragraph."

There is no competent testimony in the record tending to prove that the plaintiff agreed to furnish and lay sewer pipe for the price of 65c per foot, or any other fixed price.

Complaint is made of other instructions, which it is not considered necessary to note here.

In considering whether the foregoing instructions were properly submitted to the jury, attention may be given to a certain exhibit which forms a part of the evidence in this case, and upon which it seems obvious the lower court relied as a foundation for the giving of the above instruction. The exhibit in question is as follows:

Estimate on Extensions to Sanitary Sewer System of Hollis, Oklahoma.

| | | | |
|---|---|---|---|
| 39,593 ft Vitrified Clay Pipe | @ $ .65 | $25,736.00 |
| 22,055 C. Y. excavation | @ .75 | 16,541.25 |
| 122 Manholes | 60.00 | 7,320.00 |
| | | 49,597.25 |
| Imhoff Tank and Sludge Bed, | | 12,500.00 |
| | | 62,097.25 |
| Engineering and miscellaneous expense | | 3,725.84 |
| Total Sewer | | $65,823.09 |

Estimate on Extension to Water Works System of Hollis, Oklahoma:

| | | | |
|---|---|---|---|
| 24,300 ft. 4" Cast Iron Pipe | @ $ 1.00 | $24,300.00 |
| 1,835 ft. 2" pipe, relay | @ .30 | 550.00 |
| 31 hydrants | @ 75.00 | 2,325.00 |
| | | $27,175.50 |
| Engineering and miscellaneous expense | | 1,630.53 |
| | | 28,806.03 |
| 160 acres land for additional supply | | 5,000.00 |
| | | $33,806.03 |

| | |
|---|---|
| Total Sewer | $65,823.09 |
| Total Water | 33,806.03 |
| Grand total | $99,629.12 |

The testimony in behalf of both parties to

the action establishes the fact that the foregoing estimates were merely preliminary, and for the purpose of enabling the city council to determine what amount of money must necessarily be raised by the proposed bond issue, the proceeds of which were to pay for the improvements. The contracts between the plaintiff and the defendant for both projects make no reference to these estimates. The total amount of the estimates for extensions to the sanitary sewer system is $65,823.09, whereas the contract price, as finally agreed upon between the parties, is $60,640. The total amount of the estimate for extensions to the waterworks system is $33,806.03, whereas the contract price, as finally agreed upon between the parties, is $23,740.

It, therefore, cannot be seriously contended that the minds of the parties met in fixing a unit price upon the disposal tank (Imhoff tank), the furnishing and laying of sewer pipe, or the cost of manholes. There is no other evidence in the record upon which a jury could base an estimate of the contract price, or the real values of any of the above items, if the plaintiff failed to furnish or construct the same, or their respective values if defectively and improperly constructed.

"It is the duty of the trial court, upon its own motion, to properly instruct upon the issues made by the pleadings and the evidence introduced in the trial of the cause, and a failure to do so constitutes fundamental error." Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 P. 742; St. Louis & S. F. R. R. Co. v. Criner, 41 Okla. 256, 137 P. 705; Chas. T. Derr Construction Co. v. Gelruth, 29 Okla. 538, 120 P. 253; Shawnee Gas & Electric Co. v. Hunt, 32 Okla. 368, 122 P. 673.

It is one of the fundamental theories of jury trials that jurors will not be permitted to guess and conjecture as to the amount of damages they shall allow. There must be some competent evidence upon which the verdict may be based. To hold otherwise would permit free rein to speculation.

Nor do we think it can be said that the giving of its instructions was not prejudicial to the plaintiff. The entire instructions given by the trial court have been carefully examined, and the vice contained in the foregoing is not corrected in any other portion of the instructions as given.

The judgment of the trial court is accordingly reversed, and this cause is remanded, with instructions to grant the plaintiff a new trial.

The Supreme Court acknowledges the aid of Attorneys C. P. Gotwals, Irwin Donovan, and E. R. Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gotwals, and approved by Mr. Donovan and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.