MITCHELL et al. v. HASKELL.

No. 33646. Feb. 28, 1950.

*216 P. 2d 311.*

Frank Hickman, of Tulsa, for plaintiffs in error.

Green & Farmer and Robert J. Woolsey, all of Tulsa, for defendants in error.

O'NEAL, J. Plaintiff obtained a judgment upon a verdict of the jury

in the sum of $2,350 for damages sustained as a result of personal injuries when he was knocked to the floor of a skating rink operated by the defendants in Tulsa, Okla.

The jury could have found, and we must assume from the general verdict did find, from the evidence, that Dale Fink, a high school youth of 19 years of age, came onto the floor of the rink operated by the defendants between 7:30 and 8 o'clock on the evening of the day in question; that he was a paid patron of said establishment; that he was at the time, or soon thereafter, became drunk and disorderly; that he was wearing a sailor cap on his head which was against the rules of the establishment; that it was the duty of the plaintiff, as an employee of defendants, to, and he did report, the violation to the employer, L. O. Mitchell, and at that time or soon thereafter reported to Mitchell that Dale Fink was drunk; that it was not the duty of plaintiff to remove or attempt to remove drunk or disorderly persons; that Mitchell promised to remove Dale Fink from the floor but failed to do so; that between the hours of 10 and 10:30 p.m., Dale Fink struck plaintiff with such force that it loosened some bridge work in plaintiff's mouth and cut his lip and knocked him unconscious; that by reason thereof plaintiff sustained damages, the extent of which is not an issue herein.

In defendants' first proposition they argue that there is no evidence of primary negligence in the failure to remove Dale Fink from the floor for this was one of the risks incident to plaintiff's employment, fully appreciated by him, which he assumed. Defendants cite St. Louis & S. F. R. Co. v. Long, 41 Okla. 177, 137 P. 1156, wherein Long was killed while uncoupling freight cars. Therein the court said:

"The foregoing instructions given by the court, in the light of the authorities just quoted, appear free from reversible error on any point urged against them by defendant, although the jury is thereby informed that the plaintiff's decedent 'did not assume any risk which might be caused by the negligence of defendant' and is nowhere informed that the defenses of contributory negligence and assumption of risk are questions of fact of which they are the exclusive judges."

Other cases cited by defendants are: Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 P. 1040, wherein a miner was injured when he was on the side of a mine where he was not supposed to be; and Gelruth v. Charles T. Derr Const. Co., 51 Okla. 103, 151 P. 875, wherein Gelruth was injured by falling rock while working in a sewer. In this case it was held that there was evidence of primary negligence and the question of assumption of risk was for the jury. In Oklahoma Pipe Line Co. v. Fallin, 176 Okla. 474, 56 P. 2d 372, a driver of a slip sustained the loss of a team of mules when the slip struck a root while he was moving dirt and the mules were injured and had to be killed. It was held that he could not recover for the value of the mules. In Sans Bois Coal Co. v. Janeway, 22 Okla. 425, 99 P. 153, a miner recovered for damages sustained while working in a mine from which the master had failed to remove injurious gases. The judgment was affirmed. Therein the court stated:

"'If a person engaged as a minor for a coal company, who has knowledge of defects in appliances necessary to force pure air into the mines and to dilute and render harmless, and expel therefrom, noxious and poisonous gases, gives notice thereof to the proper officer, and is promised that such defect shall be remedied, his continuance in such employment in the well-grounded belief that such appliances will be put in proper condition within a reasonable time does not necessarily, or as a matter of law, make him guilty of contributory negligence. It is a question for the jury whether in relying on such promises and continuing in the employment after he knew of such defects, he was in the exercise of due care.'"

In Fraser v. Chicago, R. I. & P. Ry. Co., 101 Kan. 122, 165 P. 831, Fraser,

a nightwatchman, was shot by a prowler while passing a door left open by another employee. This case was disposed of under the rule of proximate cause and is not in point.

In Manwell et al. v. Durst Bros., 178 Cal. 752, 174 P. 881, 1 A.L.R. 669, the employer hired an employee to work in a strike-infested plant. The judgment for the defendant was based on the assumption of risk by the employee with knowledge that the strike was in progress.

Defendants cite Medlin Milling Co. v. Boutwell, 104 Tex. 87, 133 S.W. 1042, and Thurlow v. Failing, 133 Okla. 277, 272 P. 368; and also refer to and analyze Green v. Atlantic & Charlotte Air Line Ry. Co., 131 S. C. 124, 126 S.E. 441, 38 A.L.R. 1448, and rely upon the rule that plaintiff can only recover where he works under dangerous conditions of the premises known to the master and unknown to the servant. The above cases, with the exception of Green v. Atlantic & Charlotte Air Line Ry. Co., supra, discussed later, are based in part upon such principle or announce the principle in the opinion. Among such cases is Baxter v. Roberts, 44 Cal. 187, 13 Am. Rep. 160, where a carpenter was shot by a third party when sent to tear down a fence. The master knew the third party had threatened to attack anyone attempting to remove ·the fence and this was unknown to the carpenter. A recovery was allowed.

In Holshouser v. Denver Gas & Electric Co., 18 Colo. App. 431, 72 P. 289, a servant recovered for injuries received when he was sent into a strike-infested area where the condition was known to the master and unknown to the servant. These cases differ from the case at bar. They are not based on circumstances where the master is notified by the servant that a danger exists and the master promises to remedy the condition or is bound to remedy conditions after such knowledge. These two latter cases are annotated following Fraser v. Chicago, R. I. & P. Ry. Co., supra, L.R.A. 1917F, p. 749.

In Green v. Atlantic & Charlotte Air Line Ry. Co., supra, a yard conductor was killed when he surprised a group of robbers in the yards of the defendant company. The plaintiff had notified the defendant company of the dangerous condition due to the loitering of robbers and thieves among the railroad cars. The condition had not been remedied by the master. It was held a question of fact for the jury as to whether, under all the facts and circumstances, plaintiff knew the condition had not been remedied or assumed the risk knowing the condition had not been remedied.

In Southwell v. Atlantic Coast Line R. Co., 191 N.C. 153, 131 S.E. 670, an engineer of the defendant company was shot by a fellow employee after the defendant company had been warned of trouble between the fellow employee and the engineer. In discussing the liability under the circumstances, in affirming a judgment for the plaintiff, it is stated:

"Under all the facts and circumstances of the case, the defendant did not, as laid down in the Horton Case, 34 S. Ct. 635, 233 U. S. 492, 58 L. Ed. 1062, L.R.A. 1015C, 1, Ann. Cas. 1915B, 475, in 'the extent of its duty to its employees see that ordinary care and prudence was exercised, to the end that the place in which the work is to be performed . . . may be safe for the workman.' Southwell v. Railroad, 127 S. E. 361, 189 N.C. at page 420."

The rule to be applied in the case at bar is that after defendants were notified of the fact that Dale Fink was drunk and disorderly, and defendants had promised to, and it was their duty to, remove him from the floor, it was a question for the jury to determine whether plaintiff assumed the risk incident to Dale Fink remaining on the floor in such condition. San Bois Coal Co. v. Janeway; Southwell v. Atlantic

Coast Line R. Co.; Green v. Atlantic & Charlotte Air Line Ry. Co., supra.

In a final proposition defendants argue that the trial court erred in giving instruction No. 9 which is as follows:

"You are instructed that when an employee knows of the danger in a certain place in his charge and appreciates the risk that is attributable to it, then if he continues in the employment without objection or without obtaining from the employer or his representative the assurance that the danger will be removed, the employee assumes the risk, even though it arise out of the employer's breach of duty. If, however, there be a promise of removal of said danger, then during such time as may be reasonably required for its performance, or until the particular time specified for the performance, the employee relying upon the promise does not assume the risk unless at least the danger be so imminent that no ordinarily prudent man, under the circumstances, would rely upon such a promise."

Defendants assert that the error in this instruction is that it permits the jury to find for the plaintiff in spite of the fact that he knew Dale Fink had not been removed from the floor. We find no error in this instruction. The cases cited above are authority for the rule that it was a question of fact for the jury to determine from all the facts and circumstances whether plaintiff assumed the risk and this is true whether he knew or did not know that Dale Fink had been removed from the floor.

Judgment affirmed.

DAVISON, C.J., and WELCH, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V. C. J., concurs in conclusion.