[No. 13241.   Department Two. — June 30, 1891.]

LOUIS SMITH ET AL., APPELLANTS, *v.* HENRY BUTTNER, RESPONDENT.

NEGLIGENCE — FAILURE OF LANDLORD TO PROVIDE SUITABLE ENTRANCE — INJURY TO TENANT'S WIFE — PLEADING — FACTS SHOWING CAUSE OF INJURY. — A complaint in an action by a husband and wife for damages for personal injuries to the wife, which alleges that while the plaintiffs were in possession as tenants of the defendant's house he raised it six or seven feet, but failed and neglected to provide a safe, proper, and suitable means of entrance to or egress from the house, and that plaintiffs continued to reside in the house after it had been raised, and to pay rent as before, and that by reason of such negligence the wife, in endeavoring to descend from the house to the ground, fell and was injured, but which fails to aver any facts showing that the alleged negligence caused or contributed to the injury, does not state a cause of action.

Id. — Pleading — General Allegations — Special Facts — Cause of Injury — Patent Defect. — Although negligence may be charged in general terms, yet it must appear from the facts averred that the negligence caused or contributed to the injury, and it is not sufficient merely to aver that the injury was caused by reason of the negligence averred, if no fact is stated which shows how the injury was caused, or that it was not caused through a patent defect.

Id. — Construction of Pleading — Latent Insecurity of Structure — Presumption as to Patent Defect. — In construing pleadings before judgment, it is presumed that the pleader has stated his case in the most favorable manner to himself, and where, in an action of negligence, it is not alleged that the injury occurred through any latent insecurity of the structure which caused the injuries, it will be presumed that the accident arose from a patent defect, and that the pleader failed to make a more specific statement because such a statement would have weakened his case.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Joseph Leggett*, for Appellants.

The injury in this case resulted directly from the overt act of the defendant in raising the house with the plaintiffs and their family in it, and negligently failing to provide any safe, suitable, or proper means of exit from it after it was raised. He is therefore clearly answerable to the plaintiffs for the injurious consequences of his negligent act. (1 Taylor on Landlord and Tenant, 8th ed., sec. 175 a; 1 Thompson on Negligence, 324; *Elliott* v. *Pray*, 10 Allen, 378; 87 Am. Dec. 653; *Watkins* v. *Goodall*, 138 Mass. 533; *Hayner* v. *Smith*, 63 Ill. 430; 14 Am. Rep. 124; *Wade* v. *Halligan*, 16 Ill. 507; *Kimmell* v. *Burfeind*, 2 Daly, 155; *Worthington* v. *Baker*, 11 Daly, 545; *Eakin* v. *Brown*, 1 E. D. Smith, 36; *Alston* v. *Grant*, 3 El. & B. 128.) Where a landlord retains control of a part of the premises leased by him to his tenant, or resumes control of a part of them after he has demised them to his tenant, he is liable for injuries resulting to his tenant from the negligent use of the part of which he has so retained or resumed the control.

(*Glickauf* v. *Maurer*, 75 Ill. 289; 20 Am. Rep. 238; *Toole* v. *Beckett*, 67 Me. 544; 24 Am. Rep. 54; *Sawyer* v. *McGillicuddy*, 81 Md. 318; *Priest* v. *Nichols*, 116 Mass. 401; *Looney* v. *McLean*, 129 Mass. 33; 37 Am. Rep. 295; *Watkins* v. *Goodall*, 138 Mass. 533; *Totten* v. *Phips*, 52 N. Y. 354; *Cannavan* v. *Conklin*, 1 Daly, 509; *Eakin* v. *Brown*, 1 E. D. Smith, 43; *Center* v. *Davis*, 39 Ga. 210; *Marshall* v. *Cohen*, 44 Ga. 489; 9 Am. Rep. 170; *Jones* v. *Freidenburg*, 66 Ga. 505; 42 Am. Rep. 86; 1 Taylor on Landlord and Tenant, 8th ed., sec. 175; 2 Wood on Landlord and Tenant, 2d ed., 846; 1 Thompson on Negligence, 324; *Leslie* v. *Pounds*, 1 Taunt. 649.)   Where a landlord interferes with the occupation of his tenant, and undertakes to make alterations or repairs, with his tenants in the building, he does so at his peril, and is held bound to use the greatest care, not mere ordinary care, to prevent injury to his tenants.   (*Butler* v. *Cushing*, 46 Hun, 521; *Judd & Co.* v. *Cushing*, 50 Hun, 181.)

*Otto tum Suden*, for Respondent.

It is true that plaintiff avers using due care in making the descent, but it also appears that she was aware of the risk, and voluntarily assumed it.   That fact alone bars a recovery.   (*Davidson* v. *Fischer*, 11 Col. 583; 7 Am. St. Rep. 267; *Kellogg* v. *Chicago etc. R. R. Co.*, 26 Wis. 223; 7 Am. Rep. 69; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 421.) It appears on the face of the complaint that the failure to provide steps was the remote cause of the injury.   The proximate cause of the injury was plaintiff's voluntary and knowing assumption of the risk which the occupation of the dwelling involved.   Accordingly, she cannot recover.   (*Chidester* v. *Con. P. D. Co.*, 53 Cal. 57; *Henry* v. *S. P. R. R. Co.*, 50 Cal. 183.)   Defendant had a right to assume that plaintiffs, with notice of the risk, would not expose themselves to danger, except when necessity compelled.   (*Pittsburgh & St. L. R. R. Co.* v. *Conn*, 104 Ind. 64; *Needham* v. *S. F. & S. J. R. R. Co.*, 37 Cal. 409;

*Woodman* v. *Pitman,* 79 Me. 456; 1 Am. St. Rep. 342;
*Frazer* v. *S. & N. Ala. R. R. Co.,* 81 Ala. 185; *Fulliam* v.
*Muscatine,* 70 Iowa, 436.) The premises being out of re-
pair at the time of the accident, with notice to plaintiffs,
and they with full knowledge running the chances of
being injured by reason of the lack of such repairs, can-
not acquire a right to recover the amount of the damage
sustained in consequence thereof from the landlord; their
remedy was to exact a compliance with the provisions of
sections 1941 and 1942 of the Civil Code. (*Van Every* v.
*Ogg,* 59 Cal. 566; *Sieber* v. *Blanc,* 76 Cal. 173; *Cowen* v.
*Sunderland,* 145 Mass. 363; 1 Am. St. Rep. 469; *Tatum*
v. *Thompson,* 86 Cal. 203.)

TEMPLE, C. — This appeal is on the judgment roll from
a judgment against the plaintiffs on the pleadings.

The plaintiffs are husband and wife, and the action is
brought to recover damages for injuries received by the
wife.    Plaintiffs were occupying a house belonging to
defendant as a residence, being his tenants from month
to month.

The complaint shows that some time prior to June,
1887, while plaintiffs were in possession as tenants, de-
fendant caused the dwelling-house to be raised some six
or seven feet; that plaintiffs continued to reside in the
house after it had been raised, and to pay rent to defend-
ant, as before; that after raising the house, and while
plaintiffs and their family were living in it, defendant
wholly failed and neglected to provide any safe and
proper means of entrance to or egress from the house,
and " by reason of the negligence and failure of defend-
ant to provide safe, suitable, or proper means of exit from
said house, said plaintiff, Dora Smith, on said thirti-
eth day of June, 1887, in endeavoring to descend from
said house to the ground, for a proper and lawful pur-
pose, while in the exercise of due care and diligence,
and without any fault or negligence on her part, fell to

the ground, and dislocated her left wrist, and broke the bone of her left arm, near the wrist, and sustained other severe and painful injuries," etc.

To this complaint the defendant answered, specifically denying every allegation, except as to the relation of landlord and tenant.

A jury being impaneled for the trial of the cause, plaintiff Dora was sworn as a witness, and her testimony taken. Thereupon counsel for the defendant moved for judgment on the pleadings, and the motion was granted.

It is manifest from the complaint that the injury to plaintiff Dora did not occur while the work of raising the house was in progress. The complaint fails to show how long before the injury it was since defendant had been engaged in the work, but it is averred that they continued to occupy the house after it had been raised, and paid rent as before, and that the injury occurred after.

The negligence consisted simply in failing to provide a safe, proper, and suitable means of entrance to or egress from the house, and it is alleged that this negligence caused plaintiff to fall. But no fact is averred which shows that such negligence had anything to do with the accident. How did it cause her to fall? It may have been because defendant neglected to provide any means of egress whatever, or through some patent defect in the plan of the contrivance, whatever it was. In such case plaintiff could not recover in this action. (*Sieber* v. *Blanc*, 76 Cal. 173.)

It may have been, consistently with this general statement, because the structure was insufficiently secured, and therefore gave way, although properly used. In such case, perhaps plaintiffs might recover.

Such complaint does not state the facts constituting plaintiffs' cause of action. It is well settled that negli-

gence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent. But it must appear from the facts averred that the negligence caused or contributed to the injury.

To illustrate, suppose a plaintiff injured by the falling of a sign negligently and insecurely fastened by defendant. It would not suffice for him to allege the negligence in hanging the sign; that plaintiff, in lawfully and without negligence passing under it, was thrown down and injured through such negligence. This would be a mere assertion of the cause. It would be necessary to show that the sign fell upon him in consequence of such negligence, thereby causing his injury.

Such a complaint would, however, be less objectionable than this now under consideration; for there would be but one conceivable way in which the injury could be supposed to result from the negligence; but, as here, that the negligence was the cause would rest upon the naked assertion as to causality, and would not appear through the statement of a fact. In construing pleadings before judgment, it is presumed the pleader has stated his case in the most favorable manner to himself possible. As we have seen, it is entirely consistent with the allegations of this complaint to suppose the injury occurred because defendant neglected to provide any mode of egress whatever. We are not at liberty to suppose anything gave way through the latent insecurity of the structure; for it is not so alleged. The presumption is, therefore, that the accident arose from a patent defect, and that the pleader has failed to make a more specific statement because such a statement would have weakened his case.

We think the judgment should be affirmed.

FOOTE, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.