Argued February 19, decided March 4, rehearing denied March 25, 1913.

## MERRIAM v. HAMILTON.

(130 Pac. 406.)

### Physicians and Surgeons—Malpractice—Complaint—Requisites—"Disease"—"Pain."

1. A complaint, in an action by a married woman for malpractice, which alleges that she employed defendant as her physician to treat her for a backache, that he mistakenly diagnosed her case as one of pregnancy, that he negligently failed to examine her to ascertain that she was not in such condition, and failed to ascertain her true condition, and that by reason thereof she was rendered sick and injured in her health and rendered weak and nervous, states no cause of action for failing to show that her real condition was one of disease which by the exercise of ordinary skill defendant should have discovered; "disease" being defined as an alteration in the state of the body, or of some of its organs, interrupting or disturbing the performance of the vital functions, or a particular instance or case of this, and the word "pain" being defined as a disagreeable

feeling usually in its intenser degrees resulting from, or accompanying, deranged or otherwise abnormal action of the physical powers.

### Pleading—Conclusions or Facts.

2. While it is sufficient to charge in general terms that an injury was negligently inflicted, the acts done must be stated, and it must appear from the facts averred, and not from mere conclusion, that the negligence caused or contributed to the injury.

### Physicians and Surgeons—Malpractice—Evidence—Sufficiency.

3. In an action for malpractice, evidence held not to show that the physician's treatment caused the physical condition complained of.

### Negligence—Liability.

4. Where there are two possible causes of an injury, for one of which defendant is not responsible, plaintiff to recover must show that the injury was wholly or partly the result of the cause for which defendant was liable, and, if the evidence leaves it as probable that the injury was the result of one cause as much as the other, he cannot recover.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Elizabeth Merriam against W. B. Hamilton.

The plaintiff, a married woman, avers in substance that about February 6, 1909, she employed the defendant as her physician to treat her for a backache, and that he entered upon such service, but did not use due care in treating her for that malady, in that he diagnosed her case as one of pregnancy, and that he contended for his diagnosis until November 8, 1909. She then alleges:

"That during all of said times the plaintiff was not pregnant with a child, and that said fact and the true condition of the plaintiff was well known to the defendant, and with reasonable diligence, care, and skill in treating and examining the plaintiff the same should and would have been known to the defendant, but the defend-

ant carelessly and negligently and without due and proper care and skill as a physician, during all of said times failed, neglected, and refused to treat and examine the plaintiff so as to ascertain that the plaintiff was not in said condition, and failed to ascertain plaintiff's true condition. That by reason of the said careless, negligent, and unskillful treatment of the plaintiff by the defendant, and by reason of the careless, negligent, and unskillful neglect of the said defendant to ascertain the true condition of the plaintiff, the plaintiff has been and is rendered sick, and has been and is thereby injured in her health and constitution and rendered weak and nervous, and has and does now, because thereof, suffer great mental and physical pain and anguish and humiliation, and the said plaintiff has been and is thereby injured and demaged in the sum of $5,000."

What is termed as a second cause of action is couched in terms identical with the first, except the added statement of special damages for money expended for medicines, nurse hire, and infant's wardrobe, all of which might have been included in the first cause of action. Without stating for what he was consulted, the defendant admitted that he was a physician and surgeon employed as such to treat the plaintiff, and that he had treated her between the dates mentioned in the complaint, but otherwise he entirely traversed that pleading. There was a verdict and judgment for the plaintiff, and the defendant appeals    REVERSED: NONSUIT ALLOWED.

For appellant there was a brief over the names of *Mr. Hayward H. Riddell, Mr. John F. Logan* and *Messrs. Coovert & Stapleton,* with oral arguments by *Mr. Riddell* and *Mr. George W. Stapleton.*

For respondent there was a brief over the names of *Mr. John A. Jeffrey* and *Messrs. Kimball & Ringo,* with oral arguments by *Mr. H. M. Kimball* and *Mr. E. R. Ringo.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. In the consideration of the allegations quoted it is

of no importance whether the plaintiff was pregnant or not, for either condition is normal for a married woman who has not passed her sexual climacteric, and neither one of them is a disease or malady. Although the complaint says the defendant failed to ascertain the plaintiff's true condition, yet no intimation is given about what that true condition was. To charge a defendant with a tort in a case of this kind, it should appear for one thing that the plaintiff's real condition was one of disease which by the exercise of the ordinary skill of his profession the defendant should have discovered, for "they that are well have no need of a physician." In other words, if the plaintiff was in a condition of health, no cause of action would arise upon the mere expression of opinion or diagnosis that she was in one or the other condition of pregnancy or nonpregnancy. In this the complaint was amenable to the objection that it fails to state a cause of action. True enough, the plaintiff says she had a backache, but pain is not a disease; it is only the symptom of some disorder of the body which in turn may not amount to disease or trauma. Webster defines "disease" as "an alteration in the state of the body or of some of its organs interrupting or disturbing the performance of the vital functions or a particular instance or case of this; any departure from the state of health presenting marked symptoms." It is said in the Standard Dictionary that pain is "a disagreeable feeling usually in its intenser degrees resulting from or accompanying deranged, overstrained or otherwise abnormal action of the physical powers and serving as a warning of danger and a spur to effect." *Mutual Life Ins. Co.* v. *Simpson,* (Tex.) 28 S. W. 837.

2. The plaintiff, indeed, says that she has been rendered weak and nervous and injured in her health and constitution by reason of the alleged careless, negligent, and unskillful treatment of her by the defendant. If

sound health and steady nerves were absolute conditions of every human being, it would be sufficient in so many words to charge that a departure from these conditions was due to the negligence of the attending physician, within the meaning of *Cederson* v. *O. R. & N. Co.*, 38 Or. 343 (62 Pac. 637: 63 Pac. 763), teaching the doctrine that it is sufficient to charge in general terms that an injury was inflicted negligently. But a continuous condition of perfect health in every or any individual does not accord with human experience, and it does not necessarily follow that the ills of which the plaintiff complains were attributable to the treatment given her by the physician merely because they occurred during his attendance.

"It is well settled that negligence may be charged in general terms—that is, what was done being stated, it is sufficient to say that it was negligently done without stating the particular omission which rendered the act negligent—but it must appear from the facts averred that the negligence caused or contributed to the injury." *Smith* v. *Buttner*, 90 Cal. 95 (27 Pac. 29).

In other words, the disorders mentioned in the complaint are such as may and often do happen to any person in the absence of medical treatment and if the plaintiff would charge these to the defendant she must show by an appropriate averment of facts, not conclusion, that those ills were really attributable to him and would not have happened but for his lack of skill.

3. If we turn to an analysis of the testimony, the situation is not made better for the plaintiff. It does not establish any causal connection between defendant's treatment of her and her alleged state of health. Out of her own mouth come statements of symptoms which all the witnesses agree are common signs of pregnancy. She avows that she desired to give birth to a child and that the defendant advised her to remain quiet and take no risk of bringing on a miscarriage. She menstruated at intervals during the time she was under the defend-

ant's care.   He gave her some remedies to regulate her
stomach and bowels, but the principal treatment was to
advise quiet and freedom from excitement.   In effect they
were precautionary measures designed to prevent prema-
ture parturition.   She states in answer to questions:

"I was feeling just normal, kind of good for nothing.
You didn't suffer any pain?   No, if I had suffered any
pain there would have been some excitement."

When  by  lapse  of  time  it  was  established  that
pregnancy did not exist, she consulted other physicians,
who diagnosed her case as one of tumor and advised an
immediate abdominal operation.   Not satisfied with this,
she consulted still another physician, who told her there
was no tumor or pregnancy and advised her to eat coarse
food, put on a straight front corset, and get rid of some
of the fat on her abdomen, and the ultimate event proved
the accuracy of this last diagnosis.   The evidence thus
discloses that her true condition was one of health and
that no  injury  could  have  resulted because of the
diagnosis of her case as one of pregnancy, as that is a
normal condition and not one of disease.   So far as the
diagnosis is concerned, no injury could be attributable
to it.   The bodily states of which she complains could as
well be attributed to the tumor diagnosis as that of
pregnancy.

4. In this  connection  the  court  erred  in  denying
the  defendant's  request  to  instruct  the  jury  that:

"Where there are two or more possible causes of an
injury for one or more of which the defendant is not
responsible, the plaintiff, in order to recover, must show
by evidence that the injury was wholly or partly the
result of that cause which would render the defendant
liable.   If the evidence in the case leaves it just as prob-
able that the injury was the result of one cause as much
as the other, the plaintiff cannot recover."

Other errors are noted, but we deem it unnecessary to
consider them.   The motion for nonsuit at the close of

Sig. 16

plaintiff's case should have been sustained, and likewise the motion for a directed verdict in favor of the defendant at the close of the evidence should have been allowed.

The judgment of the circuit court is reversed, and the cause remanded, with directions to allow the motion for nonsuit.          REVERSED WITH DIRECTIONS.