[Sac. No. 2369. In Bank.—August 14, 1918.]

ELLEN GERTRUDE MANWELL et al., Appellants, v. DURST BROS. et al., Respondents.

NEGLIGENCE—DEATH IN CLEARING PREMISES OF MOB—PLEADING—INSUFFICIENCY OF GENERAL ALLEGATION.—In an action for damages for the death of a person employed by defendants to assist the sheriff and his deputies in clearing defendants' premises of a dangerous mob, it is essential to the statement of a cause of action to allege that the negligence of the defendants proximately contributed to the death, and the complaint is not assisted in this respect by the general allegation that the death was caused by the gross negligence of the defendants.

ID.—CHARGE OF NEGLIGENCE IN GENERAL TERMS—MEANING OF RULE.—While it is true, under the rule in force in this state and in most jurisdictions, that negligence may be charged in general terms, that rule simply means that what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent; and it must appear from the facts averred that the negligence caused or contributed to the injury.

ID.—NEGLIGENCE IN EMPLOYMENT OF DECEASED—INSUFFICIENCY OF COMPLAINT.—In an action for damages for the death of a person employed by defendants to assist the sheriff and his deputies in clearing defendants' premises of a dangerous mob, negligence in the employment is not shown where it does not appear from the complaint that the defendants were legally responsible, or otherwise, for the ex-

istence of the mob, and there is no suggestion in the pleading even by implication that defendants concealed anything from the deceased pertaining to the conditions, or did not fully inform him in regard thereto, or that deceased was not cognizant of the entire situation and danger incident to the employment.

ID.—CLEARING OF PREMISES OF MOB—RIGHT TO EMPLOY PERSONS FOR.— Property owners have the right to employ persons to assist them in clearing their premises of a dangerous mob, even though the service to be rendered is a dangerous one.

APPEAL from a judgment of the Superior Court of Yuba County.   E. P. McDaniel, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, for Appellants.

W. H. Carlin, for Respondents.

ANGELLOTTI, C. J.—This action is by the surviving wife and children of Edmund T. Manwell, deceased, to recover from the defendants the sum of one hundred and fifty thousand dollars damages alleged to have accrued to plaintiffs from the death of said Manwell, the claim being that the complaint shows that such death was caused by the negligence of defendants.   The lower court sustained a demurrer, which was interposed, with leave to plaintiffs to amend. Plaintiffs having failed to file an amended complaint within the time allowed therefor, judgment of dismissal was entered. We have here an appeal by plaintiffs from that judgment.

It is claimed that the complaint fails to state a cause of action in that it fails to allege any negligence on the part of defendants proximately contributing to the death of Mr. Manwell.   Of course, allegation of such negligence was essential to the statement of a cause of action.   The complaint is not assisted in this respect by the general allegation contained in paragraph V that "the death of said Edmund T. Manwell, on said third day of August, 1913, was caused by the gross negligence of the defendants."   While it is true under the rule in force in this state and in most jurisdictions that negligence may be charged in general terms, that rule simply means, as has been stated many times, that "what was done being stated, it is sufficient to say it was

*negligently* done, without stating the particular omission which rendered the act negligent." (See *Stein* v. *United Railroads,* 159 Cal. 370, [113 Pac. 663]; *Smith* v. *Buttner,* 90 Cal. 99, [27 Pac. 29].) And it must appear from the facts averred that the negligence caused or contributed to the injury. (*Smith* v. *Buttner, supra.*)· The cases cited by counsel for appellants fully illustrate the meaning and application of this rule. What was done, with the charge that the same caused or contributed to the injury, must be ·alleged, but to show that there was negligence in what was done, which is likewise essential, it is sufficient to allege that it was negligently done, without stating more particularly what the matters constituting such negligence were. As said in *Stephenson* v. *Southern Pacific Co.,* 102 Cal. 147, [34 Pac. 620, 36 Pac. 407]: "Negligence is not the act itself, but the fact which defines the *character* of the act, and makes it a legal wrong." (Italics ours.) No rule of which we have knowledge warrants a conclusion that this´ allegation assists the complaint in the slightest degree. This was apparently recognized by the pleader, for the allegation is immediately followed by the language, viz.: "And more particularly in the manner and form and under the circumstances hereinafter stated," and this is followed in paragraphs 6, 7, and 8 by the allegations upon which plaintiffs must rely for a showing of negligence.

So far as material, these paragraphs allege the following facts: On August 3, 1913, what was known as the Durst Ranch, in Yuba County, was in the possession and under the control of defendants, who were using the same for growing hops. They had thereon, in their employment as, hop-pickers some two thousand five hundred or more persons, men, women, and children, of different nationalities, who were living on said premises. Through a committee of twelve these employees presented certain written demands to defendants on said premises, for a higher rate for picking hops and for certain specific improvements in the sanitary conditions of the premises and in the conditions under which the employees were living and working. The defendants refused the demand for a higher wage, but promised to make some improvement in the sanitary, living, and working conditions. These promises were not satisfactory to said employees. Thereupon defendant Ralph Durst, who was the .

general manager of the business, in the presence of the committee of twelve, stated to one Ford, the spokesman of the committee, that he, Ford, was discharged and must leave the premises immediately, and, without justification, struck Ford in the face with a pair of gloves in such a way that the committee understood the act to be intended as an affront to the committee and to Ford. Thereupon said Durst, in the presence of said employees, caused an attempt to arrest Ford to be made by an officer, without first having procured a warrant for such arrest, and Ford, with the assistance of others of said employees, resisted the attempt and prevented the arrest. Thereupon the employees were embittered and incensed "because the defendants refused to grant certain of their demands," and "because" the premises were in an unsanitary condition, and "because" defendants "negligently had omitted" to take such measures as would have prevented such conditions, and "because" the promises for the improvement of the conditions were not satisfactory to them, and "because" of the conduct of said Ralph Durst toward Ford. They thereupon threatened they would go "on a strike" until all their demands were granted. Thereupon one thousand or thereabouts of the employees held a meeting on the premises at which addresses were made by certain of their number. The employees then and there resolved to insist upon their demands, making open expressions and demonstrations of opposition and hostility against defendants. They "then and there became and were in a bad temper and in a state of excitement and agitation, and then and there became and were in such an angry frame of mind" that they "were indifferent to and heedless and reckless of the personal safety of anyone acting in aid and assistance of defendants in opposition to" their will and wishes. By reason of these things, it was unsafe and dangerous and hazardous for anyone to act in aid and assistance of defendants in opposition to the will and wishes of said employees. All of this said Ralph Durst well knew, nevertheless he thereupon "requested and solicited and employed said Edmund T. Manwell . . . to accompany the said defendant, Ralph H. Durst, and the sheriff and certain deputy sheriffs of said county of Yuba from the said town of Wheatland to the said meeting of said employees of defendants, . . . and then and there to act in the lawful aid and assistance

of said defendants in any matter which should then and there arise." The service so requested of Manwell was "under the circumstances of the case as aforesaid," unsafe and dangerous and hazardous to Manwell, and "said defendants then and there had reason to believe and, by the exercise of reasonable care might have anticipated and foreseen that such employment" might result in serious injury to the person of Manwell. Thereupon Manwell, pursuant to such request and employment, accompanied said Ralph H. Durst and said sheriff and five deputy sheriffs to said meeting of said employees on said premises, and while he was there so engaged in such service, "without fault or misconduct on his part and negligently solicited and induced thereunto by the defendants, as aforesaid," he was then and there willfully, wantonly, and tortiously shot and wounded with a revolver in the hands of one of said employees of defendants and thereby instantly killed.

It seems clear to us that the only possible basis for a claim that these allegations show any negligence contributing to the murder of Mr. Manwell is in the matters charged as to the employment by Durst of Manwell for a service known to the former to be dangerous and hazardous to the latter, or which by the exercise of reasonable care might have been so known to the former. As to the allegations relative to the causes that operated to make the employees on the Durst property a dangerous mob, "indifferent to and heedless and reckless of the personal safety of anyone acting in aid and assistance of defendants in opposition to its will and wishes," there is no sufficient allegation of negligence on the part of the defendants or of facts consistent only with the theory of such negligence. A demand for a higher rate for hoppicking was made, and the defendants refused to grant it. There is nothing to show that the demand was not properly refused. Certain specific improvements in sanitary and other conditions were demanded, and some improvement in these conditions was promised, and there is nothing to show that every proper concession in this respect was not made. That the concessions made "were not satisfactory to said employees" establishes nothing in this regard. In so far as the complaint shows, Durst was entirely justified in discharging Ford and directing him to leave the premises. It is not even affirmatively made to appear that Durst was not

justified in striking Ford. The allegation that he did so "without justification" is the statement of a mere conclusion of law. Nor is it affirmatively made to appear that there was anything negligent or improper in causing "an attempt to arrest said Ford to be made by an officer without first having procured a warrant for such arrest." Under certain circumstances either a peace officer or a private person may arrest a person without a warrant. (Pen. Code, secs. 836, 837.) The subsequent statement that thereupon the employees "became and were embittered," etc., "because" of certain reasons specified is not an allegation that defendants were in fact negligent in any of the matters specified as reasons for the feeling of bitterness. In other words, there is no issuable allegation therein that the premises were in fact in an unsanitary condition, or that defendants negligently had omitted to make such provision as would have removed an unsanitary condition, etc. The thing alleged is that the employees then and there became and were embittered and incensed against defendants, and all the rest is a mere recital of their reasons for so becoming embittered and incensed, and not an allegation of any act or omission on the part of defendants. In so far as the complaint shows, therefore, it does not appear that the defendants were legally responsible, by negligence or otherwise, for the existence of the mob on their premises. It is, therefore, unnecessary to discuss the question presented by counsel for appellants as to the effect of such responsibility in this case, had the same been shown by the complaint.

We come, then, to a consideration of the facts alleged as to the employment of Mr. Manwell. The allegations as to the dangerous nature of the employment are full and complete, as are those as to the knowledge or imputed knowledge of the defendants thereof. But it is not suggested even by implication that Durst concealed anything pertaining to the conditions from Manwell, or did not inform him fully in regard thereto, or that Manwell was not cognizant of the entire situation and the danger incident to the employment. Indeed, in so far as the complaint shows anything in this regard, it indicates from the very terms of the employment notice to Manwell of the possible danger. · He was employed to accompany Durst "and the sheriff and certain deputy sheriffs . . . to the said meeting of said employees" then

and there to act in aid and assistance of the defendants "in any matter which should then and there arise," and he went with the defendant and the sheriff and five deputy sheriffs. It must, we think, be conceded that defendants had an absolute right to solicit and employ these people to assist them in clearing their premises of this dangerous mob, the existence of which is so specifically alleged, even though the service to be rendered was one dangerous to those rendering it. Many necessary employments are notoriously hazardous in the very nature of things, and certainly it is not the law that the mere fact of employing one to render such a service constitutes negligence. Of course, in such a case the employer must use what is reasonable care under the circumstances to protect his employee from injury in the rendition of his service, but there is no allegation of any omission in this regard, as there was in *McCalman* v. *Illinois Central R. Co.*, 215 Fed. 465, [132 C. C. A. 15], cited by appellants. And where the danger is not obvious from the very terms of the employment and the nature of the service prescribed, it may freely be conceded that it is the duty of the employer to acquaint the employee with the facts of which he has actual or imputed knowledge, and that if he fails to do this he is guilty of negligence. In such a case it is the employment *without informing the employee of the danger* that constitutes the negligence. This is clearly shown in one of the cases cited by appellants (*Baxter* v. *Roberts,* 44 Cal. 187, [13 Am. Rep. 160)], where the charge was that the defendant employed the plaintiff to perform a service which he knew to be perilous, without giving the employee any notice of its perilous character. The conclusion that the defendant was liable was based upon the fact, impliedly found by the jury, that the knowledge of the defendant as to the perilous nature of the employment, due to special circumstances of which the employee was ignorant, was not communicated to, but was withheld by, him from the employee. In *Pigeon* v. *Fuller,* 156 Cal. 691, [105 Pac. 976], the allegation was that "defendant negligently failed at the time it employed this plaintiff to warn him or inform him in any way of the danger of said employment, and defendant at all times herein mentioned negligently omitted to warn plaintiff of said danger." In *Holshouser* v. *Denver Gas & Electric Co.,* 18 Colo. App. 431, [72 Pac. 290], cited by appellants, the negligence

charged was the failure to disclose the situation to the employee. In the case at bar, as we have seen, there is no allegation whatever in this regard, and without such an allegation we cannot see that the complaint stated negligence in the matter of the employment of Manwell. Some force in this regard is sought to be attributed by appellants to the statement that "while he [Manwell] was there so engaged in such service, without fault or misconduct on his part *and negligently solicited and induced thereunto by the defendants, as aforesaid,*" he was murdered by one of said mob, but obviously this cannot be construed as an allegation, general or specific, of any negligence on the part of defendants in the matter of the employment. It is purely by way of recital rather than allegation, and is even as a recital limited in its effect by the facts theretofore alleged and to which it refers by the words "as aforesaid," which facts, as we have seen, are barren of any showing of negligence.

From what we have said it follows that the complaint did not state a cause of action against defendants, and it is unnecessary to notice the points made in support of other grounds of demurrer.

The judgment is affirmed.

Sloss, J., Shaw, J., Richards, J., *pro tem.,* Lorigan, J., Melvin, J., and Wilbur, J., concurred.

Rehearing denied.