[S. F. No. 10462.   In Bank.—September 10, 1924.]

## MARGARET DUNN, Appellant, v. RAFAEL DUFFICY, Respondent.

[1] NEGLIGENCE—PHYSICIANS AND SURGEONS—MALPRACTICE—DAMAGES —STATUTE OF LIMITATIONS.—In this action for damages for alleged malpractice by a physician and surgeon in the treatment of one of plaintiff's fingers, there is no merit in the contention that the cause of action was barred by the statute of limitations, as the action was commenced within one year following the acts complained of.

[2] ID.—INJURY TO FINGER—FAILURE OF SURGEON TO SEW UP SEVERED TENDON — PLEADING — SUFFICIENCY OF ALLEGATION.—In an action for damages for alleged malpractice by a physician and surgeon based upon the latter's alleged failure and neglect to sew up a severed tendon under one of plaintiff's fingers which had beeen cut by glass, the allegation "that defendant failed and neglected to ascertain by the use of ordinary care and skill that said tendon was severed, and carelessly, negligently and unskillfully failed and neglected to sew up the said severed tendon under plaintiff's said injured finger" is a sufficient allegation of negligence as against a general demurrer.

[3] ID.—PLEADING—CHARGING NEGLIGENCE IN GENERAL TERMS—QUALIFICATION TO RULE.—Negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent, but this rule is always subject to the qualification and condition that "it must appear from the facts averred that the negligence caused or contributed to the injury."

[4] ID.—CAUSAL CONNECTION BETWEEN NEGLIGENCE AND INJURY—PLEADING—SUFFICIENCY OF ALLEGATIONS.—In such action, the requirement that "it must appear from the facts averred that the negligence caused or contributed to the injury" is sufficiently met by allegations in the complaint to the effect that as a result of the negligence of defendant "as *hereinbefore* stated, plaintiff's said finger has become useless and her right hand permanently crippled by the loss of the use of the second finger thereof"; that as a result of her inability to further use her said finger and hand, occasioned by the negligence of defendant "as *herein* set forth, plaintiff has been unable to pursue her occupation as

2. Degree of care and skill which a physician or surgeon must exercise, notes, 1 Ann. Cas. 21; 37 L. R. A. 830. See, also, 21 R. C. L. 381.

3. See 20 R. C. L. 174.

stenographer" for a stated period; that by reason of said negligence "as *hereinbefore* alleged, plaintiff was compelled to, and did, engage the services of three other physicians"; and that by reason of the negligence of defendant "as *hereinbefore* alleged, and the loss of the use of the said second finger of plaintiff's right hand as hereinbefore alleged, . . . plaintiff has suffered general damage" in a specified sum.

[5] ID.—PLEADING.—In such action, the allegation in the complaint that "defendant carelessly, negligently and unskillfully, failed and neglected to sew up the said severed tendon under plaintiff's said injured finger" and that "as a result of the carelessness, negligence and unskillfulness of the defendant as hereinbefore stated, plaintiff's said finger has become useless and her right hand permanently crippled," is in effect an allegation that the resultant injury was due to a failure by the defendant to sew up the severed tendon in the plaintiff's finger; and such allegation is equivalent to an allegation that good practice required a severed tendon to be sewed up, and that if the tendon had been sewed up, no injury would have resulted.

[6] ID. — PLEADING — SPECIAL DEMURRER. — All that is required of a plaintiff, as a matter of pleading, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source, and extent of his cause of action.

---

(1) 25 Cyc., p. 1047.  (2) 30 Cyc., p. 1583.  (3) 29 Cyc., pp. 570, 573.  (4) 30 Cyc., p. 1583 (1926 Anno.).  (5) 30 Cyc., p. 1583 (1926 Anno.), 31 Cyc., p. 72.  (6) 31 Cyc., p. 73.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Reversed.

The facts are stated in the opinion of the court.

Hamilton A. Bauer for Appellant.

Hartley F. Peart and Charles V. Barfield for Respondent.

LENNON, J.—Plaintiff appeals from a judgment following an order sustaining defendant's demurrer to the second amended complaint. The action is one for damages for alleged malpractice. The complaint alleges that the defendant is, and at the times referred to was, a duly licensed and

---

6. See 21 R. C. L. 482.

practicing physician and surgeon, and proceeds as follows: "That on or about the first day of May, 1920, plaintiff herein suffered a severe cut by glass to the second finger of her right hand, and then and there, at San Rafael, California, placed herself under the care of, and employed defendant to sew up, care for and cure same for a reasonable reward to be paid by plaintiff to said defendant for his said services to plaintiff. That said defendant then and there accepted said employment and received from plaintiff a fee for his said services.

"That upon accepting the employment hereinbefore set forth, defendant administered the following treatment and services to plaintiff, to wit: defendant thereupon sewed up the cut surface of plaintiff's injured finger and then bandaged the same up. That at said time and place, the tendon under the cut surface of plaintiff's said injured finger was severed, all of which could have been ascertained by defendant, by the use of ordinary care and skill, but was unknown to plaintiff. That defendant failed and neglected to ascertain by the use of ordinary care and skill, that said tendon was severed, and carelessly, negligently and unskillfully, failed and neglected to sew up the said severed tendon under plaintiff's said injured finger. In a few days time plaintiff returned to the office of said defendant, and said defendant thereupon removed said bandage and again dressed and rebandaged said finger. That in a few days time plaintiff again visited defendant at his office, and said defendant thereupon removed the bandage and discharged plaintiff as cured. That after a period of about two weeks plaintiff noticed that her said finger did not straighten, but remained bent. That plaintiff thereupon returned to the office of defendant and reported to him the condition of her said finger and exhibited it to said defendant. That thereupon said defendant advised plaintiff to return home and that the said finger would straighten out in a few weeks. That at the end of said period plaintiff's said finger still remained bent and was beginning to lose life. That plaintiff did not visit defendant any further."

The demurrer was both general and special, the grounds of special demurrer being uncertainty, ambiguity, and unintelligibility, with twenty-two specifications under each of these grounds. The order sustaining the demurrer granted

leave to the plaintiff to amend within ten days, and plaintiff having declined to avail herself of this permission the judgment followed from which this appeal is prosecuted.

In support of his general demurrer respondent presents three principal contentions: (1) That the complaint does not contain a sufficient allegation of negligence; (2) that no facts are alleged showing a causal connection between the claimed negligent acts and the injuries complained of, and (3) that the cause of action is barred by the statute of limitations. **[1]** It may be said in passing that there is no merit in the third contention inasmuch as it appears from the record that the action was commenced within one year following the acts complained of. **[2]** As to the first contention we are of the opinion that the allegation "that defendant failed and neglected to ascertain by the use of ordinary care and skill that said tendon was severed, and carelessly, negligently and unskillfully failed and neglected to sew up the said severed tendon under plaintiff's said injured finger" is a sufficient allegation of negligence as against a general demurrer. **[3]** It is settled by a long line of decisions in this state, beginning with the leading case of *Smith* v. *Buttner,* 90 Cal. 95 [27 Pac. 29], that "negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent." It seems to us that the allegations of the complaint last quoted meet and comply with these requirements.

It is, of course, conceded that this rule is always subject to the qualification and condition that "it must appear from the facts averred that the negligence caused or contributed to the injury." (*Champagne* v. *A. Hamburger & Sons,* 169 Cal. 683 [147 Pac. 954]; *Bergen* v. *Tulare County Power Co.,* 173 Cal. 709 [161 Pac. 269]; *Ingalls* v. *Monte Cristo Oil & Development Co.,* 176 Cal. 128 [167 Pac. 857]; *Hughes* v. *Warman Steel Casting Co.,* 174 Cal. 556 [163 Pac. 885]; *Manwell* v. *Durst Bros.,* 178 Cal. 752 [1 A. L. R. 669, 174 Pac. 881]; *Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462]; *Fay* v. *Cox,* 45 Cal. App. 696 [188 Pac. 623].) **[4]** We are of the opinion that the complaint herein does contain a sufficient averment of facts necessary to meet this requirement. Among other allegations contained in the com-

plaint are the following allegations which, in our opinion, show a causal connection between the alleged negligent omissions and the injuries complained of: "That as a result of the carelessness, negligence and unskillfulness of the defendant as *hereinbefore* stated, plaintiff's said finger has become useless and her right hand permanently crippled by the loss of the use of the second finger thereof; that by reason of her inability to further use her said finger and as a result thereof her said right hand, all of which was occasioned by the negligence, carelessness and unskillfulness of defendant as *herein* set forth, plaintiff has been unable to pursue her occupation as stenographer for a period of nine months; that by reason of the carelessness, negligence and unskillfulness of defendant as *hereinbefore* alleged, plaintiff was compelled to, and did, engage the services of three other physicians, . . . ; that by reason of the negligence, carelessness and unskillfulness of defendant as *hereinbefore* alleged, and the loss of the use of the said second finger of plaintiff's right hand as hereinbefore alleged, . . . plaintiff has suffered general damage in the sum of $10,000.00.''

True, these allegations in themselves contain no averment of facts bearing upon the issue of proximate cause, but they do refer back and by reference incorporate within themselves the allegations previously quoted herein which set forth the facts upon which this action is based. These allegations, stripped of legal verbiage, state in effect that (1) the tendon of plaintiff's finger had been severed by a piece of glass, (2) defendant, employed as a physician to treat said injury, failed to discover that the tendon had been severed, (3) the defendant failed to sew up the severed tendon, and (4) as a result of such failure to discover the severance of the tendon and the consequent failure to sew it up, plaintiff's right hand became permanently crippled. It seems to us, therefore, that the requirements of the rule have been met in the instant case.

It is contended that in order to state a cause of action the complaint should have contained the allegation that good practice required that a severed tendon be sewed up and that if the tendon had been sewed up no injury would have resulted. [5] The allegation that "defendant carelessly, negligently and unskillfully, failed and neglected to sew up the said severed tendon under plaintiff's said injured finger"

and that "as a result of the carelessness, negligence and
unskillfulness of the defendant as hereinbefore stated, plain-
tiff's said finger has become useless and her right hand per-
manently crippled . . . '' is in effect an allegation that the
resultant injury was due to a failure by the defendant to
sew up the severed tendon in the plaintiff's finger. That
allegation is equivalent to an allegation that good practice
required a severed tendon to be sewed up and that if the
tendon had been sewed up, no injury would have resulted.
By definitely placing the responsibility for the resultant
injury upon the defendant's *failure* to sew up the tendon,
the allegation thereby obviously negatives the idea that the
injury might have been permanent even if the tendon had
been sewed up.

A review of the cases cited in support of the rule that from
the facts averred it must appear that the negligence caused
or contributed to the injury, discloses the fact that those
cases wherein it was held that the pleadings did not satis-
factorily fulfill this requirement, are readily distinguishable
from the case at bar. In *Smith* v. *Buttner*, 90 Cal. 95
[27 Pac. 29], it was alleged that plaintiffs were in possession
as tenants of a dwelling-house owned by the defendant who
caused the same to be raised some six or seven feet while the
plaintiffs were occupying it, and that after so raising it de-
fendant wholly failed and neglected to provide any safe and
proper means of entrance to or egress from the house and
"by reason of the negligence and failure of defendant to
provide safe, suitable, or proper means of exit from said
house, said plaintiff, Dora Smith, on said thirtieth day of
June, 1887, in endeavoring to descend from said house to
the ground, for a proper and lawful purpose, while in the
exercise of due care and diligence, and without any fault
or negligence on her part, fell to the ground, and dislocated
her left wrist, and broke the bone of her left arm, near the
wrist, and sustained other severe and painful injuries." In
that case the court said that "the negligence consisted simply
in failing to provide a safe, proper and suitable means of en-
trance to or egress from the house, and it is alleged that this
negligence caused plaintiff to fall. But no fact is averred
which shows that such negligence had anything to do with
the accident. . . . Such complaint does not state the facts
constituting plaintiff's cause of action." From a perusal of

the complaint in the case last cited, it is evident that there is a hiatus in the link of alleged causal connection and this deficiency should have been supplied by appropriate allegations describing in what manner defendant failed to provide a safe, suitable and proper means of exit from the house; whether the structure was insufficiently secured or whether the negligence consisted of an entire failure to supply any steps. In describing the negligence in such general terms— a failure to provide a safe, suitable and proper means of entrance and egress—such a broad field is described that there are included therein possibilities which would not give plaintiffs a cause of action. On the other hand, in the case of *Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462], based upon somewhat similar facts, the complaint was held to be sufficient. The complaint therein alleged that a certain railing was placed on the outer edge of a platform upon which was erected a tent, owned by the defendant, and rented by him as living quarters to guests at a summer resort; that said railing "consisted of decomposed and rotten wood . . . negligently and carelessly maintained in said condition by the said defendant . . . "; and that while a guest at said summer resort was leaning against said railing, "by reason of said rottenness and decomposition of the said wood of which said railing consisted as aforesaid, and by reason of the carelessness and negligence of the defendants in so maintaining said railing, . . . the said railing gave way and broke, thereby precipitating and causing the plaintiff to fall off the said platform and to the ground below, a distance of about twenty feet and causing the plaintiff to strike upon his head and body." It will be noted that the negligence was specifically defined and the facts upon which plaintiff relied to show a causal connection between the injury and the negligence definitely detailed. In the instant case the negligence is precisely described as a failure to sew up a severed tendon. It would be practically impossible to describe the negligence in more exact and explicit terms and if the pleadings in this case will not suffice to bring the defendant into court, it is difficult to conceive of pleadings that would.

The case of *Manwell* v. *Durst,* 178 Cal. 752 [1 A. L. R. 669, 174 Pac. 881], is not in point for the reason that the complaint in that case not only failed to state facts showing a

causal connection between the alleged negligence of the defendant and the injury to the deceased, but the facts, as pleaded, failed to show any negligence at all. In that case the deceased was employed by the defendants to assist the sheriff and his deputies in clearing defendants' premises of a dangerous mob. As was pointed out in the opinion in that case, it is the employment *without informing the employee of the danger* that constitutes negligence and the court held that the complaint, failing to contain any allegation that the defendants failed to inform the deceased of the danger of the employment, failed to state any negligence in the matter.

The case of *Merriam* v. *Hamilton,* 64 Or. 476 [130 Pac. 406], in which the supreme court of Oregon approved and followed the rule of *Smith* v. *Buttner, supra,* was a malpractice case. Therein it was alleged that the defendant negligently and carelessly failed to discover and diagnose the true condition of the plaintiff and properly treat her therefor and that by reason thereof the plaintiff was rendered sick and injured in her health and constitution. The manner and method of treatment was not specified. And in that case the complaint did not, except by inference, allege that plaintiff was suffering from any disease at the time of the employment of the defendant. In the case at bar the nature of the original injury is stated and the permanency of the injury directly attributed to a failure to treat the injured finger in a definite manner, i. e., to sew up the severed tendon.

The same criticism is applicable to the case of *Sweat* v. *Foster,* 28 Ga. App. 360 [111 S. E. 66], which was also a malpractice case, wherein it was alleged "that the death of his wife was due to the unskillful diagnosis and treatment by defendant as a medical practitioner, and to the gross carelessness and neglect in his treatment and handling of said wife's illness." Inasmuch as the complaint in the case last cited, as in the case of *Merriam* v. *Hamilton, supra,* just commented upon, failed to specify the nature of the treatment accorded the patient, the situation presented in both cited cases is not analogous to the situation presented in the case at bar.

In the case of *Davis* v. *Rodman,* 147 Ark. 385 [13 A. L. R. 1459, 227 S. W. 612], also a malpractice case, the negligence

consisted of the failure on the part of the physician, called in to attend a patient stricken with typhoid fever, to notify the patient's family that typhoid fever was an infectious disease. Manifestly, with negligence of this character, specific facts were necessary to connect the injury with the negligence complained of. In the instant case the injury is directly connected with the negligence and consequently there are no intermediate facts required to be set forth in order to show the connection of the injury with the negligence set forth.

Respondent insists that the special demurrer on the ground of uncertainty is well founded. With this contention we cannot agree. [6] All that is required of a plaintiff, as a matter of pleading, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent of his cause of action. (*Goldstein* v. *Healy, supra.*)

The judgment is reversed.

Richards, J., Seawell, J., Lawlor, J., and Waste, J., concurred.

MYERS, C. J., Dissenting.—I dissent.

I am unable to distinguish this case from *Smith* v. *Buttner* and think, therefore, that the judgment herein should be affirmed unless we are willing to overrule that case, which has stood unchallenged for more than thirty years and has been cited with approval more than thirty times. The cases cited in the majority opinion are in full accord with that case, and no decision to the contrary has been cited. A comparison of the allegations of the complaint herein with those under consideration in *Smith* v. *Buttner,* on the one hand, and with those under consideration in *Goldstein* v. *Healy,* on the other hand, compels the conclusion in my mind that this case is ruled by *Smith* v. *Buttner.* That conclusion is confirmed by *Merriam* v. *Hamilton,* which expressly follows *Smith* v. *Buttner.*

I am also of the opinion that the special demurrer herein for uncertainty was well founded as to some of the particulars therein specified.

Shenk, J., concurred.