[Civ. No. 16032.   First Dist., Div. One.   Nov. 23, 1954.]

YVONNE MODICA, Appellant, v. FRANK LEE CRIST
et al., Respondents.

W. Gordon Eustice for Appellant.

Crist, Stafford & Peters and Elton F. Martin for Respondents.

WOOD (Fred B.), J.—In this action for damages allegedly caused by the negligence of an attorney in the giving of professional advice, general and special demurrers to the fourth amended complaint were sustained with leave to amend. Plaintiff chose not to amend. Judgment of dismissal was entered and plaintiff has appealed.

Inasmuch as the order sustained "the demurrer" without specifying the grounds, general or special, but with leave to amend, the judgment must be affirmed if the order is sustainable upon any of the grounds presented by the demurrer. (*Haddad* v. *McDowell*, 213 Cal. 690, 691 [3 P.2d 550]; *Feldesman* v. *McGovern*, 44 Cal.App.2d 566, 568 [112 P.2d 645].)

*The complaint is not vulnerable to a general demurrer. It pleads adequately all of the essential facts* that constitute a cause of action for negligence in this type of case,* notably:

---

*The complaint alleges: (1) defendant retained one of the defendants, a member of the defendant partnership of attorneys as attorney to represent her in effecting the purchase by her of an interest in a certain restaurant and he agreed to represent her in a skillful and diligent manner; (2) in connection with that relationship he advised her that it was unnecessary to comply with the provisions of section 3440 of the Civil Code by recording and publishing notices therein provided or in escrowing the purchase price, and in so doing he was negligent and unskillful; (3) she relied upon that advice and in consequence did things she would not otherwise have done, to wit: did not prepare or publish or record notice of intended sale, did not escrow the purchase price for payment of claims, if any, and did not otherwise comply with section 3440, and paid $4,000 directly to the seller on transfer of partnership interest; but for defendant's negligence she would have done said acts, except would not have paid said $4,000 to seller, and would have been apprised of the existence of outstanding creditors and had she so complied with said Civil Code section 3440 the damages suffered as hereinafter specified would not have been sustained; as a direct, proximate and sole result of said defendant's and plaintiff's failure to comply with section 3440, she suffered damages as follows: (a) initial payment to seller for half interest in restaurant business, $4,000, (b) debts of seller outstanding at date of transfer, subsequently paid by her in

"First, that there existed the relationship of attorney and client; second, that in connection with such relationship advice was given; third, that he relied upon such advice and as a result thereof did things that he would not otherwise have done; fourth, that as a direct and proximate result of such advice and the doing of such acts, he suffered loss and was damaged thereby." (*McGregor* v. *Wright*, 117 Cal.App. 186, 193 [3 P.2d 624].)

The complaint alleges negligence with sufficient particularity, indeed is probably more specific than necessary. ▮ "It is settled by a long line of decisions in this state, beginning with the leading case of *Smith* v. *Buttner*, 90 Cal. 95 [27 P. 29], that 'negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent.' " (*Dunn* v. *Dufficy*, 194 Cal. 383, 386 [228 P. 1029].) We are also of the opinion that the complaint contains a sufficient averment of facts necessary to meet the requirement of proximate cause. (See *Dunn* v. *Dufficy*, *supra*, at pages 386-387.) True, the Dunn case is a medical practice case but it exemplifies principles applicable to negligence cases in general. (See authorities collected in 19 Cal.Jur. 671-673, Negligence § 96, and supplements thereto.) A more recent pronouncement on this subject, to the same effect, appears in *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149, 154 [157 P.2d 1] : "Under the authorities, it is sufficient to allege that an act was negligently done by defendant and that it caused damage to plaintiff," citing a number of various types of negligence cases and 19 California Jurisprudence 671-673, Negligence, section 96. We know of no reason why these principles should not apply to the pleading of a cause of action by a client against his attorney for damages claimed to have been caused by the alleged negligence of the attorney.

---

effort to salvage business, $1,148.51, and (c) debts of partnership incurred subsequent to transfer of partnership interest to buyer and paid by funds of buyer, $2,592.51; that but for defendant's negligence plaintiff would have been timely apprised of the outstanding indebtedness of seller and could have repudiated the agreement of sale and avoided said losses.

The agreement of sale allegedly provided that buyer pay $7,000 for an equal one-half partnership interest in the business; $250 presently, $3,750 when a satisfactory partnership agreement has been prepared between buyer and seller, and the balance out of the profits of the business or sooner if buyer elect to pay the same; upon consummation of sale seller to deliver bill of sale to said one-half interest "free of all liens and encumbrances."

Defendants contend a complaint against an attorney for alleged negligence in the giving of advice must allege facts which show that any loss was *caused solely* by the attorney's negligence and must *negative any other probable cause* for the loss. We know of no such requirement. Defendants' authorities do not support their contention.

*Lally* v. *Kuster*, 177 Cal. 783 [171 P. 961], was an action for an attorney's negligence in not bringing a certain debt collection suit to trial, a suit which had been dismissed for delay. Judgment was given the defendant upon the ground that there was no debt to collect, that it had been relinquished by the life beneficiary of the note. It was reversed because the life beneficiary had no right to relinquish the principal. Defendants invoke a few words, out of context, to the effect that the client must allege and prove facts showing that "but for such negligence, the debt could, or would, have been collected." (P. 787.) This "but for" clause is merely one way of expressing the requirement that negligence to be actionable must be *a* proximate cause of the injury. (See *McVay* v. *Central California Inv. Co.*, 6 Cal.App. 184, 188-189 [91 P. 745]; *Basin Oil Co.* v. *Baash-Ross Tool Co.*, 125 Cal.App.2d 578, 603 [271 P.2d 122] and discussion by Prosser in *"Proximate Cause in California,"* 38 Cal.L.Rev. 369, 377-383.) The words quoted by defendant do not connote a requirement that the attorney's negligence be the sole cause or that the complaint must negative any other cause. This is doubly apparent from the court's discussion of the measure of damages on page 791 of 177 Cal.

Nor does *Martin* v. *Hood*, 203 Cal. 351 [264 P. 478], support defendants' contention. It merely held insufficient a complaint which upon its face showed no damage had occurred from a failure to give notice of intended sale under section 3440 of the Civil Code. The only "loss" which ensued was a creditor's execution sale which was void upon its face and could give no title to the purchaser at the sale. That was a case of "no injury," not a case of failure to show "sole cause" or to negative any other cause, whether concurrent, joint or intervening.

In *McGregor* v. *Wright*, 117 Cal.App. 186 [3 P.2d 624], the statement does appear that it must be established that reliance upon the attorney's advice was the "sole and proximate cause" and that any loss suffered was "caused solely" by the negligence of the attorney. We should not attach undue significance to the words "sole" and "solely." The

real holding in the case was a lack of causal connection between the asserted erroneous legal advice and the claimed injury, and the uncertain and speculative quality of the asserted financial loss "not only as to amount but as to character." (P. 196.) Also, those findings and conclusions were based upon the evidence introduced at a trial, not drawn as conclusions of law.from the allegations of a complaint.

*Feldesman* v. *McGovern, supra,* 44 Cal.App.2d 566, held merely that when a cause of action is predicated upon an attorney's negligent failure to perform some act in behalf of the client, the complaint must state facts showing that if the attorney had acted it would have resulted beneficially to the client. In that case the attorney allegedly failed to file a petition for the discharge of the client as a bankrupt. There was no allegation which directly or by implication stated that if such a petition had been filed the client would have been entitled to have it granted. This was a fatal defect because the granting of such a petition is not mandatory. A bankrupt is entitled to a discharge only if he has complied with the Bankruptcy Act and has not committed any of the offenses listed in the statute. Hence, the Feldesman case was one of failure sufficiently to plead proximate cause, not at all a holding that an attorney is liable to a client only when his negligence is the sole cause of the resultant injury.

A complete answer to defendants' contention is furnished by two cases in which, though not attorney-client cases, the question of "sole cause" was *directly* raised and answered. ▌ "The law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor. All that is required in either respect is that the negligence in question shall be *a* proximate cause of the injury complained of . . ." (*Griffith* v. *Oak Ridge Oil Co.,* 190 Cal. 389, 392 [212 P. 913].) This was followed in *Condon* v. *Ansaldi,* 203 Cal. 180, 183 [263 P. 198], which held prejudicially erroneous an instruction that " 'unless the defendant is solely responsible for the occurence of the accident complained of, your verdict must be for the defendant.' " These rulings would furnish support for the formula suggested by Prosser in "Proximate Cause in California," 38 Cal.L.Rev. 369, 378: "The defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about. Whether it is such a substantial factor is for the jury to determine, unless the issue is so clear that reasonable men cannot differ."

Defendants further argue that the following asserted defects render the complaint insufficient. (1) For aught that appears in the complaint, plaintiff may have acquired knowledge of all of the prior creditors' claims before completing the initial payment. That is not true, as a reading of clause (3) of our summary of the complaint will show. (2) The "satisfactory partnership agreement" contemplated by the parties and presumably later formulated and executed, may have contained a provision which tied plaintiff's hands concerning any prior debts of the business (she may have therein agreed to take subject to them), and thus have rendered noncompliance with section 3440 innocuous. That, if in fact developed at the trial, might break the causal connection but it is not a situation which plaintiff need negative in stating her cause of action. (3) It does not appear why she could not have recouped the amount of her payments to the prior creditors by collecting from the seller or from the assets of the business. That assumes, contrary to the law, that one wrongdoer is exculpated or exonerated if another wrongdoer contributes to the injury, or that concurrent wrongdoers must be joined in the same complaint, or that the injured party must exhaust his remedies, if any, against the second wrongdoer before proceeding against the first. (4) There is no apparent causal connection between defendants' advice and plaintiff's loss as represented by her payment of partnership debts which were incurred after she became a member of the firm. This is a point which, even if well taken (we need not and do not undertake to decide whether it is well taken), does not adversely affect those allegations of the complaint which clearly state facts sufficient to constitute a cause of action. (*Armstrong* v. *Adams,* 102 Cal.App. 677, 681-682 [283 P. 871].)

*Nor is the complaint vulnerable to the special demurrer for uncertainty, ambiguity and unintelligibility,* in support of which defendants present the same points and the same argument as advanced by them in support of their general demurrer.

We need not go over that ground again in detail. There is no uncertainty, ambiguity, or unintelligibility in plaintiff's statement of facts which constitute a cause of action. ▇ In a negligence case, " ' [a]ll that is required of a plaintiff, *as a matter of pleading, even as against a special demurrer,* is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity

to acquaint the defendant with the nature, source and extent of his cause of action.' (*Dunn* v. *Dufficy, supra,* at p. 391.)'' (*Rannard* v. *Lockheed Aircraft Corp., supra,* pp. 156-157 of 26 Cal.2d; emphasis added.) This rule ''finds justification in the fact that the person charged with negligence may ordinarily be assumed to possess at least equal, if not superior, knowledge of the affair to that possessed by the injured party.'' (Same, p. 157.) If further authority be needed, it is furnished by *Armstrong* v. *Adams, supra,* 102 Cal.App. 677, an attorney-client case in which the court discusses both the general demurrer and the special demurrer to this type of complaint.

What we have said bears only upon issues of law presented by demurrers to the complaint. We, of course, do not intend to foreclose the determination of any issue of fact that may develop.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Peters, P. J., and Bray, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 19, 1955. Shenk, J., and Schauer, J., were of the opinion that the petition should be granted.