TEN BROECK v. WELLS, FARGO & Co. *et al.*

*(Circuit Court, N. D. California. September 14, 1891.)*

NEGLIGENCE—DANGEROUS PREMISES—PATENT DEFECTS.

Where the only means of access to or egress from an hotel are flights of stairs leading to a platform above the ground, neither of which has any railing, the defect in their construction being a patent one, a person who becomes a guest of the hotel assumes the risks incident to that mode of construction, and cannot recover for injuries received in a fall which was due solely to the want of a railing.

At Law. On demurrer to complaint.

*Carrol Cook* and *J. E. Foulds,* for plaintiff.

*Pillsbury & Blanding,* for defendants.

HAWLEY, J., (*orally.*) The defendant Wells, Fargo & Co. demurs to plaintiff's complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff is a married woman; the defendant Richard Ten Broeck is her husband, and is made a party defendant because his consent to be made a party plaintiff could not be obtained. The suit is brought to recover damages for injuries received by plaintiff while a guest at the Bellevue Hotel. The legal title to the property at the time of the accident was in one E. F. Pierce, who, it is alleged, held the same in trust for and as an agent and employe of Wells, Fargo & Co., and as such agent had leased the property to one Oliver Roberts, who was in the possession as a tenant of the hotel at the time the injuries were received. The complaint alleges that the hotel "was dangerously, improperly, defectively, and negligently constructed and maintained, in this: that the only means of access thereto, or egress therefrom, for the guests and boarders therein, was by two flights of stairs leading from the ground in front of said building to a platform extending for the whole width thereof, about six feet in height and eight feet in width, upon which said platform the front of said hotel and its parlor and office abutted, and the doors thereof opened therefrom, but said platform and flights of stairs were wholly without any rail or other protection to persons who might lawfully use the same;" and then avers that on the 5th of July, 1890, "plaintiff was a guest or boarder at said hotel, and, while carefully proceeding from the parlor thereof along and upon said platform, and lawfully using the same, intending to descend therefrom to the ground in front of said hotel by one of the flights of

stairs aforementioned, and without fault or negligence upon her part, and by reason of the absence of any rail or protection upon said platform and said stairs by which she so intended to descend, fell from said platform to the ground in front of said hotel, and by reason of said fall" was seriously injured; and prays for damages in the sum of $50,000.

When an owner constructs a building to lease, the law requires of him a reasonable regard for the protection of all persons who may lawfully have occasion to use the building, and if, without any regard to the safety of such persons, he constructs the building in a careless, unskillful, or negligent manner, or places therein insufficient or improper materials, whereby the building is rendered unsafe, and innocent persons, without any fault or negligence upon their part, are thereby injured, the owner is liable. The owner is bound to employ reasonable skill and diligence in the construction of his building, regard being had to the uses and purposes for which it is designed. If the plaintiff, for instance, had alleged in her complaint that the support of the platform or stairway was so defective that it fell or gave way from the weight of the guests walking along or upon the same, or other like defects latent in their character, and that the injuries received by plaintiff were caused by such defects or negligence in the construction of the building, the owner of the premises, upon proofs sustaining such averments, might be held liable. But the injuries which plaintiff received are not alleged to have been caused by reason of any latent defect in the construction of the building. The averment is that plaintiff fell from the platform to the ground, and that the injuries she received from such fall were occasioned "by reason of the absence of any rail or protection upon said platform and said stairs." This allegation is insufficient to show any responsibility upon the owner of the building for the injuries which plaintiff received.

For aught that appears in the complaint, the platform and stairways or steps leading from the ground thereto may have been properly constructed, of the best materials, and in a perfectly safe and sound condition. The fact that there was no railing or other protection across the front of the platform, or at the side of the steps, might be a good reason for declining to become a guest at the house; but, inasmuch as the defect or omission in this respect was apparent to every guest at the hotel, it necessarily follows that each guest must have voluntarily assumed the risks incident to the plan of the house in this respect, and could not recover for injuries received by falling from the platform without alleging and proving that there was some fault or negligence in the construction of the platform or stairs as they then existed, without the protection of a railing. In *Smith* v. *Buttner* (Cal.) 27 Pac. Rep. 29, which was an action by tenants against the owner of the house, it was alleged that, "by reason of the negligence and failure of defendant to provide safe, suitable, or proper means of exit from said house, said plaintiff, * * * in endeavoring to descend from said house to the ground, for a proper and lawful purpose, while in the exercise of due care and diligence, and without any fault or negligence on her part, fell to the ground," and

received severe and painful injuries. The superior court gave judgment against the plaintiff on the pleadings. The supreme court in affirming the judgment said:

"The negligence consisted simply in failing to provide a safe, proper, and suitable means of entrance to, or egress from, the house, and it is alleged that this negligence caused plaintiff to fall. But no fact is averred which shows that such negligence had anything to do with the accident. How did it cause her to fall? It may have been because defendant neglected to provide any means of egress whatever, or through some patent defect in the plan of the contrivance, whatever it was. In such case plaintiff could not recover in this action."

After pointing out the necessity of a direct averment that the negligence alleged contributed to the injury, the court said:

"In construing pleadings before judgment, it is presumed the pleader has stated his case in the most favorable manner to himself possible. As we have seen, it is entirely consistent with the allegations of this complaint to suppose the injury occurred because defendant neglected to provide any mode of egress whatever. We are not at liberty to suppose anything gave way through the latent insecurity of the structure, for it is not so alleged. The presumption is therefore that the accident arose from a patent defect, and that the pleader has failed to make a more specific statement because such a statement would have weakened his case."

In this case no presumption need be indulged in. The pleader has not only shown by his allegation that the injury was not received because "anything gave way through the latent insecurity of the structure," which was the ground upon which plaintiff might be entitled to recover, but has gone further, and affirmatively shown "that the accident arose from a patent defect," for which, under the well-settled principles of the law, plaintiff is not entitled to recover. The demurrer is sustained.