[S. F. No. 9414. In Bank.—October 10, 1921.]

MERVYN GOLDSTEIN, by His Guardian, etc., Appellant, v. W. HEALY, Respondent.

[1] PLEADING—DEMURRER—ADMISSIONS.—While it is well settled that a demurrer admits the truth of all facts that are well pleaded in the complaint, it does not confess any omitted circumstance which is indispensable to the cause of action upon which it is based, or essential to remedy an allegation specially challenged for uncertainty or ambiguity.

[2] ID.—ESSENTIALS OF COMPLAINT.—All that is required of a plaintiff, even as against a special demurrer, is that he set forth in

his complaint the essential facts of his case with reasonable precision, and with particularity sufficiently specific to acquaint the defendant of the nature, source, and extent of his cause of action.

[3] INNKEEPERS—GUESTS—DEFINITION.—A guest of an inn or hotel may be defined as one who receives accommodations or entertainment therein, usually for compensation.

[4] ID.—GUESTS — HOTELS — RIGHT TO INVITE PERSONS TO.—In the absence of a regulation or agreement to the contrary, a guest of a hotel may, as a matter of right, under such reasonable restrictions and regulations as the manager may impose, invite unobjectionable persons to visit him at the inn for lawful purposes and at proper times.

[5] ID.—RIGHTS OF INVITEES.—To all such invitees, the innkeeper owes the duty of at all times maintaining his hotel premises in a reasonably safe condition, and of exercising reasonable care to protect them while in the hotel and in the part thereof open to the public from personal injury through his negligence; but this duty does not obtain in cases where the injury to the invitee was due to a patent defect, or structural insecurity in the hotel premises or its equipment.

[6] ID.—ACTION FOR DAMAGES — INJURY TO INVITEE OF GUEST OF HOTEL—PLEADINGS—SUFFICIENCY OF COMPLAINT.—In an action by the invitee of a guest of a hotel for personal injuries received by him, alleged to have been caused by the giving away of a railing on a platform whereby he was precipitated to the ground, an allegation that the decayed condition of the railing was "unknown" to plaintiff was in effect a sufficient declaration that it was latent.

[7] ID.—FAILURE TO EXERCISE CARE—DEFENSE.—If the defective condition of the railing in such a case was such that it would have been discovered by plaintiff in the exercise of ordinary care, the failure to exercise such care would be a defense which the plaintiff is not required to anticipate.

[8] PLEADING—PARTICULARITY REQUIRED—MATTERS IN KNOWLEDGE OF DEFENDANT.—Less particularity is required in the allegations of the complaint where the facts in it stated are such that the defendant, from their nature and his relation to them, has full information concerning them.

[9] ID.—SUFFICIENCY OF COMPLAINT.—In such a case the causal connection between the negligence and the injury are sufficiently shown in the complaint by the allegations, "that while on said platform . . . and while standing on said platform and talking

---

5. Liability of innkeeper for personal injury to guest from condition of the premises, notes, 15 **Ann. Cas.** 925; **Ann. Cas.** 1912A, 1210; 43 L. R. A. (N. S.) 657.

to the said guest of defendants and with his back to said railing . . . , and relying upon said railing as aforesaid as protection against falling over and off of the said platform, the said plaintiff rested his hands lightly upon the said railing as aforesaid, and thereupon and by reason of the said rottenness and decomposition of the said wood of which the said railing consisted as aforesaid, and by reason of the carelessness and negligence of the defendants in so maintaining said railing, and not otherwise, the said railing gave way and broke, thereby precipitating and causing the plaintiff to fall off the said platform and to the ground below"; and such allegations are good as against both a general and special demurrer.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmett Seawell, Judge. Reversed.

The facts are stated in the opinion of the court.

Hiram E. Casey, Casey & Lambert and T. L. Breslauer for Appellant.

J. R. Leppo for Respondent.

SHURTLEFF, J.—Plaintiff in his second amended complaint alleged that at the time of the commencement of the action he was a minor under the age of twenty-one years, and that Ben Goldstein was the duly appointed, qualified, and acting guardian of his person and estate; "that on or about the fifth day of July, 1919, the defendants [there being one fictitious defendant] . . . were conducting and maintaining at Monte Rio, in the county of Sonoma, state of California, a summer resort and hotel for the accommodation of the public. . . . That as a part of the said summer resort and hotel and as living quarters for its guests and their invitees the defendants maintained a tent set upon a wooden platform." That to prevent persons occupying, visiting, or being upon said platform from falling therefrom, and to protect persons who were thereon, the defendants erected, placed, and maintained on the outer edge thereof, "a railing made of wood about three inches to four inches in diameter," which railing was "fastened upon the said platform about three or four feet above the floor of the said platform by means of timbers and braces." That said railing at all the times in the amended complaint mentioned,

"consisted of decomposed and rotten wood . . . negligently and carelessly maintained in said condition by the said defendants, all of which was unknown to the said plaintiff. . . . That on or about the fifth day of July, 1919, the plaintiff herein was present upon the said platform at the invitation and request of a guest of the said hotel and summer resort, to whom the tent on the said platform had been assigned by the said defendants as living quarters; and that while on said platform as aforesaid and while standing on said platform talking to the said guest of defendants and with his back to said railing around the said platform as hereinbefore described, and relying upon said railing as aforesaid as protection against falling over and off from the said platform the said plaintiff rested his hands lightly upon the said railing as aforesaid, and thereupon and by reason of the said rottenness and decomposition of the said wood of which the said railing consisted as aforesaid, and by reason of the carelessness and negligence of the defendants in so maintaining said railing, and not otherwise, the said railing gave way and broke, thereby precipitating and causing the plaintiff to fall off the said platform and to the ground below, a distance of about twenty feet and causing the plaintiff to strike upon his head and body." It is further alleged that plaintiff, by reason of his alleged fall, sustained certain enumerated physical injuries, incurred numerous specified expenses, and lost one month's salary. The prayer of the complaint is for five thousand dollars damages.

As we have said, there was one fictitious defendant who was never served, and for that reason, following the briefs, we will hereafter use the singular number.

The foregoing is a comprehensive statement of the allegations of the amended complaint which are material to this inquiry. To this complaint defendant, Healy, demurred generally upon the ground that it failed to state a cause of action, and specially that it was ambiguous and uncertain in that it was not alleged therein, and could not be ascertained therefrom, whether the decomposed and rotten condition of the railing "was apparent and patent, or concealed and latent"; "what caused said railing to give way and break"; "for what purpose was plaintiff present on said platform," or at whose invitation; what caused plaintiff

to fall from the platform, or to fall upon or against the railing, or how "the giving way and breaking of the railing caused plaintiff to fall."

The demurrer was sustained without leave to amend, and judgment entered in favor of defendant for costs. It is from this judgment that this appeal is prosecuted.

[1] While it is well settled that a demurrer admits the truth of all facts that are well pleaded in the complaint, it does not, however, confess any omitted circumstance which is indispensable to the cause of action upon which it is based, or essential to remedy an allegation specially challenged for uncertainty or ambiguity. [2] All that is required of a plaintiff, even as against a special demurrer, is that he set forth in his complaint the essential facts of his case with reasonable precision and with particularity sufficiently specific to acquaint the defendant of the nature, source, and extent of his cause of action.

A few general observations touching the relations of the parties and their corresponding duties and liabilities, as disclosed by the amended complaint, will conduce to a clearer understanding of the questions to be determined.

[3] A guest of an inn or hotel may be defined as one who receives accommodations or entertainment therein, usually for compensation. (*Pullman Palace Car Co.* v. *Lowe,* 28 Neb. 239, [26 Am. St. Rep. 325, 6 L. R. A. 809, 44 N. W. 226] ; *Manning* v. *Wells,* 28 Tenn. 746, [51 Am. Dec. 688] ; Schouler's Bailments and Carriers, 3d ed., 282.) · While this definition seems simple of application, it is, nevertheless, not always easy to determine whether the person claiming such relation is in fact a guest within its meaning, but no such difficulty arises here, for it is clear from the complaint that plaintiff was not upon the hotel property of defendant in that capacity. The allegation of the complaint is that plaintiff was upon the platform, from which he fell, "at the invitation and request of a guest of the said hotel." Plaintiff makes no claim whatever in his pleading that he in any manner, as a guest, availed himself of the accommodations which the hotel afforded. [4] He states he was at the defendant's inn in response to an invitation of a guest, who, we hold, in extending such invitation, was clearly acting within his rights, for, in the absence of a regulation or agreement to the contrary, a guest of a hotel may, as a

matter of right, under such reasonable restrictions and regulations as the management may impose, invite unobjectionable persons to visit him at the inn for lawful purposes and at proper times. It is common knowledge that this right is universally accorded guests of hotels, and that it is a necessary public convenience. It is more than a privilege; it is, as we have said, a right which cannot be withheld except for good cause, as long as the relation of innkeeper and guest continues; it is one of the accommodations of the service which a hotel gives its patrons. [5] To all such invitees, and such was the status of plaintiff, the innkeeper owes the duty of at all times maintaining his hotel premises in a reasonably safe condition, and of exercising reasonable care to protect them while in the hotel and in the part thereof open to the public, from personal injury through his negligence. But this duty does not obtain in cases where the injury to the invitee was due to a patent defect, or .structural insecurity in the hotel premises or its equipment, so that, in the instant case, if the alleged "rotten and decomposed" condition of the railing was patent, the plaintiff cannot recover. As said by Hawley, District Judge, in *Ten Broeck* v. *Wells Fargo & Co. et al.,* 47 Fed. 690, which was an action for damages for injuries received by a fall from steps leading to a platform connected with a hotel and not protected by a railing: "In this case no presumption need be indulged in. The pleader has not only shown by his allegation that the injury was not received because 'anything gave way through the latent insecurity of the structure,' which was the ground upon which plaintiff might be entitled to recover, but has gone further, and affirmatively shown 'that the accident arose from a patent defect,' for which, under the well-settled principles of law, plaintiff is not entitled to recover."

[6] It is to the last stated principle of law that defendant appeals in support of his contention that the complaint under review is uncertain and ambiguous in that it cannot be ascertained therefrom whether the decomposed condition of the railing was "latent or patent." But we do not think the pleading is open to this criticism; upon the contrary, in our opinion, the allegation that the decayed condition of the railing was "unknown" to plaintiff, which could not have been true had .it been patent, is in effect a sufficient declaration that it was latent. [7] If the defective condi-

tion of the railing was such that it would have been discovered by plaintiff in the exercise of ordinary care, the failure to exercise such care would be a defense which the plaintiff is not required to anticipate. It also sufficiently appears from the complaint that the plaintiff was upon the platform, from which he fell, at the invitation of the guest occupying the same, from which it follows *prima facie* that he was lawfully and properly there. If the reverse is true, it is likewise a matter of defense. Nor was it necessary for the plaintiff to state the name of the guest whom he was visiting; his omission to do so, under the peculiar facts of this case, does not render the complaint ambiguous or uncertain. It refers to but one tent as being upon the hotel premises, and describes it with sufficient particularity to render it easy of identification. Moreover, so far as the pleading discloses, but one person occupied such tent, and such occupant was the guest at whose request the plaintiff was upon the platform. This being the state of the pleadings, it was an easy matter for the defendant to ascertain the name of such guest who presumably registered and was assigned to the tent in question. [8] Less particularity is required in the allegations of a complaint where, as here, the facts in it stated are such that the defendant, from their nature and his relation to them, has full information concerning them.

Respondent makes the further claim that the complaint is insufficient in that it does not show the "causal connection between the negligence and the injury." With this contention we find ourselves unable to agree. [9] In our opinion the following allegations amply comply with this elementary rule of pleading: "that while on said platform . . . and while standing on said platform talking to the said guest of defendants and with his back to said railing . . . , and relying upon said railing as aforesaid as protection against falling over and off from the said platform the said plaintiff rested his hands lightly upon the said railing as aforesaid, and thereupon and by reason of the said rottenness and decomposition of the said wood of which the said railing consisted as aforesaid, and by reason of the carelessness and negligence of the defendants in so maintaining said railing, and not otherwise, the said railing gave way and broke, thereby precipitating and causing the plaintiff to fall off the said platform and to the ground below."

The quoted allegations are sufficiently comprehensive, and adequately disclose the "causal connection between the injury and the negligence," which the law demands must be present to justify a recovery in cases similar to the one under consideration, and are hence good as against both the general and special demurrer.

None of the cases, to which counsel for respondent directs our attention as bearing upon this branch of the case, in any manner conflict with the views herein expressed. Each of them was in the main disposed of upon the facts which it presented, which facts were not in all respects analogous to the facts of the present one. *Smith* v. *Buttner,* 90 Cal. 99, [27 Pac. 29], contains language which, when read apart from the facts, seems to support defendant's contention. The complaint in that case declared that the plaintiffs were tenants in possession of, and occupying, a dwelling-house, while it was being raised, and that the defendants, who were the lessors, had failed to provide any safe and proper means of entrance to, or egress from, the same, which, if true, would be patent to anyone. The court there said: "As we have seen, it is entirely consistent with the allegations of this complaint to suppose the injury occurred because defendant neglected to provide any mode of egress whatever. We are not at liberty to suppose anything gave way through the latent insecurity of the structure; for it is not so alleged." It will be seen at a glance that this case is distinguishable from the one we are considering, for here it appears that the defendant had in fact constructed a railing around the platform, which railing, when plaintiff placed his hands upon it, gave way by reason of a defect which, as we have pointed out, the complaint alleges in effect was latent.

For the foregoing reasons we think the learned judge of the trial court erred in sustaining the defendant's demurrer.

The judgment is reversed and the lower court directed to overrule the demurrer and permit the defendant to answer the complaint within such time as it may deem reasonable.

Sloane, J., Angellotti, C. J., Wilbur, J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.