[Civ. No. 8099. First Appellate District, Division Two.—May 31, 1932.]

HILMA S. JOHNSON, Executrix, etc., Respondent, v. THE FIRST NATIONAL BANK OF BAY POINT (a Corporation), Appellant.

A. Walter Allen for Appellant.

J. F. Resleure and Resleure & Hill for Respondent.

SPENCE, J.—Defendant's demurrer to plaintiff's amended complaint was overruled and upon defendant's failure to answer after notice its default was entered. From the default judgment thereupon rendered in favor of plaintiff, defendant appeals.

The question of the sufficiency of the amended complaint against the attacks made upon it in appellant's demurrer is the only question raised on this appeal. The essential allegations contained in said amended complaint were that respondent's testator was a stockholder in the appellant bank; that in 1921 an impairment existed in the capital stock of said bank amounting to approximately $13,450; that in December, 1921, at a meeting of the board of directors respondent's testator was induced to enter into an agreement with the appellant bank whereby respondent's testator agreed to loan his credit to said bank by executing and delivering to it his promissory note in the sum of $2,750, which note or the money received thereon said bank agreed to hold for the benefit of creditors and depositors during such time that said impairment existed; that said bank further agreed to return said note or the money received thereon upon the termination of said impairment; that respondent's testator executed and delivered said note to the appellant bank pursuant to the said agreement and that on or about the twenty-second day of June, 1923, he paid to said bank the principal sum of said note, together with interest thereon amounting in all to $3,004.40; that the said impairment has been removed and that said bank is now in a sound financial condition with its capital stock unimpaired; that notwithstanding the removal of said impairment neither said sum nor any part thereof has been paid and that said sum is due, owing and unpaid to respondent.

In our opinion the complaint was sufficient against the general demurrer and we do not believe appellant seriously questions its sufficiency in this regard. This action arises out of the dealings between the appellant bank and its stockholders during its financial difficulties which are considered at some length in *Peterson* v. *First Nat. Bank of Bay*

*Point,* 101 Cal. App. 532 [281 Pac. 1104]. Appellant's demurrer contained twenty-six other grounds of attack. Not all of these are urged on this appeal, but appellant contends that the amended complaint was uncertain in numerous particulars. We find no merit in this contention. The essential facts were set forth with sufficient particularity and these facts as well as the other facts alleged were peculiarly within the knowledge of the appellant bank. The rule under such circumstances is set forth in *Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462, 463], where the court said at pages 210 and 212, ''All that is required of a plaintiff, even as against a special demurrer, is that he set forth in his complaint the essential facts of his case with reasonable precision and particularity sufficiently specific to acquaint the defendant of the nature, source, and extent of his cause of action. . . . Less particularity is required in the allegations of a complaint where, as here, the facts in it stated are such that the defendant, from their nature and his relation to them, has full information concerning them.'' It follows that the trial court properly overruled appellant's demurrer to the amended complaint.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.