[Civ. No. 14576. Second Dist., Div. Two. Nov. 10, 1944.]

CLAUDE R. ESTES, Appellant, v. MRS. L. E. HARDESTY, Respondent.

Walter L. Gordon, Jr., for Appellant.

Gilbert F. Wyvell for Respondent.

MOORE, P. J.—Appellant sued to enforce the specific performance of a contract for the purchase of real property. No memorandum of the alleged agreement is signed by appellee but plaintiff sets forth a writing signed by himself whereby

he proposes to purchase the property on the terms therein enumerated. It is as follows:

May 7th     CLAUDE ESTES     1943
Will pay $25 for place at 762 E. 48th Street. Will build out buildings in rear for option on to October 15th, 1943. Will pay down payment $500. Will pay $30 each month including interest at 6 per cent rate. Will pay $24 rent each month, until option is fufilled. On failure to make rent payment on any month said option becomes null and void. Will assure all expense on repairs for duration of option.

CLAUDE ROBERT ESTES

A general demurrer having been sustained without leave to amend, the matter comes here on appeal from the judgment of dismissal.

█ No contract for the sale of real property is enforcible "unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged. . . ." (Civ. Code, § 1624; Code Civ. Proc., § 1973.) The writing before us is nothing more than a memorandum of an oral option agreement. █ The complaint contains no allegation of the performance of the expressed condition necessary to the enforcement of the option. A general allegation of performance is not sufficient. (Civ. Code, § 1550.) █ Neither does the writing evince a free and mutual understanding of the parties. (Civ. Code, § 1565.) Nor does it show that both parties agreed upon the same thing in the same sense. (Civ. Code, § 1580.) █ A demurrer is not an acknowledgment of "any omitted circumstance which is indispensable to the cause of action" attempted by plaintiff. (*Goldstein* v. *Healy*, 187 Cal. 206, 210 [201 P. 462].)

█ If in the exercise of charity the quoted instrument be viewed as the terms and conditions of an oral agreement of sale, there is no sufficient allegation of partial performance by appellant. Unless the allegation for specific performance of a parol contract for the sale of real property shows adequate partial performance it cannot be enforced. Such part performance can be alleged only by declaring that plaintiff, concomitantly with his payment on account of the consideration, was put in possession by the defendant and pursuant to the terms of their agreement or that plaintiff has made valuable improvements on the land on the faith of the parol agreement.

(*Hines* v. *Copeland*, 23 Cal.App. 36 [136 P. 728]; *Davis* v. *Judson*, 159 Cal. 121 [113 P. 147].) The only approach to an allegation of partial performance is that plaintiff tendered to defendant the sum of $500 and demanded performance of the alleged oral contract. Such an act is insufficient to breathe contractual vitality into a mere offer to purchase.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.